# IN THE COURT OF APPEALS OF IOWA

No. 12-1925
Filed July 16, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RAYMOND DEAN COOPER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Lee County, John M. Wright,

Judge.

        A defendant appeals from his conviction of forgery.  **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Dennis D. Hendrickson,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney

General, and Michael P. Short, County Attorney, for appellee.

        Considered by Vaitheswaran, P.J., Tabor, J., and Goodhue, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**GOODHUE, S.J.**

Raymond Dean Cooper appeals from his conviction of forgery.

## I. Background Facts and Proceedings

Raymond Dean Cooper was charged by an amended trial information with forgery by uttering a financial instrument either with the intent to defraud or with knowledge that he was facilitating a fraud or injury. Cooper admitted at the jury trial that he received $945 in cash in exchange for a money order he had endorsed and presented to the Keokuk State Bank (KSB) and that the money order proved to be fraudulent. Cooper further testified he had received the money order from the internet in a mystery-shopper deal, and although he was initially suspicious about its validity, when KSB accepted it, he felt its legitimacy had been confirmed.

Prior to Cooper's trial, his wife, Dawn, had pled guilty to a count of forgery for uttering a nearly identical money order two days prior to the incident with which Cooper was charged. The names appearing on the money order were not the legal names of the Coopers at the time of the endorsement but were their names prior to a name change. Both money orders reflected Cooper's mother's address as the Coopers' address, but neither Cooper nor his wife were residing there at the time of the endorsement.

The State called Dawn to testify. It was established that she was Cooper's wife and she had been convicted twice for forgery, once for theft, and multiple times for drug charges. She further testified that a friend, Tim White, had given the money orders to her and Cooper, had handwritten in their names and addresses, and had asked the Coopers to cash them. Even though Dawn

had pled guilty, she continued to maintain she thought the money orders were legitimate. She testified that White had requested and did receive one-half of the proceeds received after the money orders had been negotiated. The remainder of the proceeds had been divided between Dawn and Cooper.

When Dawn was asked why White was given part of the proceeds, she answered, "Have to plead the fifth on that." The court held a hearing out of the presence of the jury to consider Dawn's objection. Cooper's counsel contended he did not know what Dawn's answer would be, but the objection should be sustained for the reason Dawn had asserted. The court stated there was no indication she was going to testify to other criminal involvement and that Dawn would be required to testify. The jury was brought back in. In answer to questions propounded by the prosecutor, eventually Dawn answered that $475 of the money was given to White because he was going to give her marijuana to sell. Cooper was convicted by the jury.

Cooper contends it was incumbent on the court and his trial counsel to determine exactly what Dawn was going to say before requiring her to testify. The testimony admitted violated Dawn's Fifth Amendment rights. Cooper further asserts his counsel's failure to ask for a mistrial and a cautionary instruction constituted ineffective assistance of counsel. Cooper contends that for those reasons his conviction should be reversed and the matter remanded for a new trial.

## II. Scope of Review

Cooper raises constitutional issues, therefore the scope of review is de novo. *State v. Morgan*, 559 N.W.2d 603, 606 (Iowa 1997).

## III. Error Preservation

For error to be preserved an issue must have been raised before the trial court and ruled on. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). The Fifth Amendment issues raised by the witness were pursued by Cooper and the trial court required her to testify. Error has been preserved. Ineffective assistance of counsel claims are an exception to the usual preservation of error requirement. *State v. Lucas*, 323 N.W.2d 228, 232 (Iowa 1982).

## IV. Discussion

Cooper maintains that the court and counsel's failure to supplement the in-camera hearing of Dawn to establish that her answer to the question posed would result in a self-incriminating statement and sustain it requires reversal. Cooper relies on *State v. Parham*, 220 N.W.2d 623 (Iowa 1974). Cooper's reliance is misplaced. In *Parham*, the witness had already pled guilty to the same criminal offense for which Parham was being tried. 220 N.W.2d at 624-25. To that extent, *Parham* presents a similar factual situation as is present in this matter. However, in *Parham* the defendant had called the witness that invoked his Fifth Amendment rights, and the court had sustained the objection. *Id.* at 625. The witness in *Parham*, as was Dawn, was in fear of the answer resulting in the admission of other crimes. *See id.* Testimony from other witnesses indicated that her concern may very well have been justified. *Id.* at 626. Parham apparently felt the witness's testimony would have assisted in his defense and contended that its omission denied him his right to a fair trial. *Id.* at 625. The issue came down to whether the court had abused its discretion in sustaining the witness's right to invoke the Fifth Amendment, and it was ruled that it had not. *Id.*

at 628-29. *Parham* cannot be construed to hold or imply that Cooper had a right to object to Dawn's self-incriminating statement. To the contrary, the privilege of a witness to refuse to answer on the grounds of self-incrimination is personal to the witness, and an accused may not claim error when a witness answers a question notwithstanding that witness's claim of privilege. *State v. Whitfield*, 212 N.W.2d 402, 409 (Iowa 1973).

Generally ineffective-assistance-of-counsel claims are preserved for postconviction-relief proceedings. *State v. Utter*, 803 N.W.2d 647, 651 (Iowa 2011). Only in rare cases will the trial record be adequate to defend against a charge of ineffective assistance of counsel, and the preference is to defer those matters for a full record to allow counsel to defend against the charge. *State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006). To the extent that Cooper is claiming ineffective assistance of counsel for failing to obtain a cautionary instruction and a mistrial because of the inclusion of Dawn's self-incriminating statement, we find the record is adequate. Counsel is not ineffective for failing to pursue a meritless claim. *State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011). Cooper's claim of ineffective assistance of counsel based on the reasons asserted is without merit.

**AFFIRMED.**