**STATE of Iowa, Appellee,**

v.

**Joseph Leroy LUCAS, Appellant.**

No. 67269.

Supreme Court of Iowa.

Aug. 25, 1982.

Francis C. Hoyt, Jr., Chief State Appellate Defender, and Chris Odell, Asst. State Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., and Lona Hansen, Asst. Atty. Gen., for appellee.

SCHULTZ, Justice.

Defendant, Joseph LeRoy Lucas, appeals from his conviction and sentence upon a guilty plea to the charge of sexual abuse in the second degree in violation of section 709.3, The Code. Although his appeal was untimely, we allowed a belated appeal. We find no error and affirm.

Defendant's claims of error all evolve from the failure of the trial court to hold a competency hearing under section 812.3, The Code. He (1) attacks the procedures of the trial court in accepting the guilty plea without a competency hearing, (2) claims denial of due process when the trial court failed to *sua sponte* hold a section 812.3 hearing, and (3) claims ineffective assistance of counsel. We hold that (a) defendant's failure to challenge his guilty plea by a motion in arrest of judgment precludes his procedural claims, (b) failure of the trial court to hold a section 812.3 hearing does not deny defendant due process, and (c) the issue of ineffective assistance of counsel is better reserved for a post-conviction proceeding.

Defendant was hospitalized for psychiatric care after he was charged with sexual abuse in connection with an incident involving his four-year-old daughter. At arraignment defendant entered a plea of guilty to this charge, waived both a presentence report and time for sentencing, and received an immediate sentence as prescribed by statute. No one raised the issue of defendant's competency until after judgment and sentence. Defendant's counsel at arraignment did present the district court with a letter from defendant's psychiatrist. The letter described testing and treatment and concluded that defendant had been suffering from severe psychological difficulty for quite some time.

I. *Procedural objections.* The determination of whether Iowa R.Crim.P. 23(3)(a) may be applied to defendant's plea proceedings governs the procedural objections in this appeal. Rule 23(3)(a) provides in pertinent part:

*Motion in arrest of judgment; definition and grounds.* A motion in arrest of judgment is an application by the defendant that no judgment be rendered on a ... plea .... A defendant's *failure to challenge* the adequacy of a guilty plea proceeding by motion in arrest of judgment *shall preclude* his or her *right to assert such challenge on appeal.*

(emphasis added).

We have consistently held that unless the trial court failed to address the defendant as required by Iowa R.Crim.P. 8(2)(d), we would not review the validity of a guilty plea in the absence of a rule 23(3)(a) motion in arrest of judgment. *E.g. State v. Worley,* 297 N.W.2d 368, 370 (Iowa 1980); *State v. Smith,* 300 N.W.2d 90, 91 (Iowa 1981). The first question is therefore whether the court advised defendant of a rule 23(3)(a) motion as required by Iowa R.Crim.P. 8(2)(d).

Rule 8(2)(b) prohibits a court from accepting a guilty plea unless the court is satisfied that the defendant understands the nature of the charge, the penalty, and the right to a jury trial and to cross-examine witnesses. Iowa R.Crim.P. 8(2)(b)(1)–(4). In addition, rule 8(2)(d) provides that "[t]he court shall inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal." In the instant case, the record shows the following colloquy:

THE COURT:

. . . .

I am willing to proceed with sentencing at this time if you care to do so. However, if we do I will tell you you can appeal to the Iowa Supreme Court when we finish the sentence. But there's one thing that you cannot appeal to the Iowa Supreme Court if we proceed with the sentencing at this time. I told you when I started this plea that there are certain things that I am required by law to do in accepting a guilty plea from a defendant in a criminal matter. If you feel that I've not complied with that law before you can raise that question on appeal to the Iowa Supreme Court you must file first a motion in this Court raising those legal deficiencies, if any there are. That motion is called a Motion in Arrest of Judgment and it must be filed within forty-five days of this date or not less than five days prior to sentencing. Obviously if we proceed with sentencing at this time you would waive your right to appeal to the Iowa Supreme Court any legal deficiencies in the guilty plea you've entered today, if any there are.

If you'd care to take a few moments and visit with Mr. Frerichs about that please feel free to do so.

MR. FRERICHS [DEFENSE COUNSEL]: I think I've talked to him briefly about that before, and he believes that he understands, your Honor.

From this colloquy it is obvious that the court advised defendant of the necessity of a motion in arrest of judgment and the consequences of an early sentencing.

Defendant claims the requirements of rule 8(2)(d) were not met by the court merely addressing him. He claims that he must personally acknowledge the significance of the information such that there is a showing that he understands the consequences of dispensing with the motion in arrest of judgment. We find that the requirements of the rule were met.

Rule 8(2)(d) requires only that the court "inform the defendant" and contains no duty to obtain an acknowledgment from the defendant. As the record here indicates an understanding, we need not decide if an affirmative showing of defendant's understanding must be shown by the State. Suffice it to say that the court asked the defendant to confer with his counsel, and counsel indicated that defendant ·believed he understood the proceedings and their consequences. We find this to be substantial compliance with the rule. *See State v. Taylor,* 301 N.W.2d 692, 693 (Iowa 1981).

Defendant maintains that the failure to file a motion in arrest of judgment does not

bar challenges on the plea proceedings because the court acted illegally by not holding a hearing to determine competency pursuant to section 812.3. Defendant cites *Hickey v. District Court of Kossuth County*, 174 N.W.2d 406 (Iowa 1970), and *State v. Kempf*, 282 N.W.2d 704 (Iowa 1979). Defendant's reliance on these cases is misplaced.

Section 812.3, The Code, provides:

If at any stage of a criminal proceeding it reasonably appears that the defendant is suffering from a *mental disorder which prevents him or her from* appreciating the charge, *understanding the proceedings*, or assisting effectively in the defense, further proceedings must be suspended and a hearing had upon that question.

(emphasis added). Our ruling in *Hickey* was governed by section 783.1, The Code 1966, which was repealed and supplemented by section 812.3, The Code. (Act of June 28, 1976, ch. 1245, subch. 2, § 1203, subch. 4, § 526, 1976 Iowa Acts 604, 774–75). A competency hearing was required under section 783.1 when there existed a "reasonable doubt" as to competency. In contrast, a section 812.3 hearing is held when it "reasonably appears" that a competency question exists. Further, the determination of the court under section 783.1 was an exercise of judicial discretion. *State v. Evans*, 259 N.W.2d 789, 792 (Iowa 1977). Section 812.3, on the other hand, requires the court to make the determination as a matter of law. *Kempf*, 282 N.W.2d at 706. Due to these changes in the statute, the *Hickey* standards are no longer applicable.

Similarly, we note that rule 23(3)(a) is substantially different than the corresponding rule in *Kempf*. Rule 23(3)(a) explicitly provides that without a filing of a motion in arrest of judgment, no appellate review may be obtained on the validity of the plea proceeding. *Kempf*, on the other hand, was decided under the authority of *State v. Gardner*, 274 N.W.2d 328, 329 (Iowa 1979), which held that under the rules of criminal procedure then in effect, a motion in arrest of judgment need *not* be filed before the

validity of a plea may be challenged on appeal. *Kempf*, 282 N.W.2d at 706. Defendant's reliance on *Kempf* is thus equally misplaced.

■ Having concluded that *Kempf* and *Hickey* do not apply in this case, the question remains whether the current rule 23(3)(a), despite its language, could possibly be construed to allow us to review the validity of defendant's plea proceedings. We conclude that it does not.

Rule 23(3)(a) requires a court to grant a motion in arrest of judgment "when upon the whole record no legal judgment can be rendered." Defendant's claim that the district court should have conducted a hearing on the issue of defendant's competence is in fact a claim that "upon the whole record no legal judgment can be pronounced." This claim is a "challenge [to] the adequacy of a guilty plea proceeding." It goes to the very heart of the court's determination that the plea was entered voluntarily, intelligently, and understandably. We conclude that rule 23(3)(a) encompasses challenges to the plea-taking process based on a claim that the judge should have held a hearing pursuant to section 812.3.

Our ruling here addressed only defendant's statutory claims. The constitutional claims of due process and ineffective assistance of counsel are discussed in the following division.

II. *Constitutional claims.* Defendant attacks the plea proceedings on two constitutional grounds. First, he claims that due process mandates a hearing under section 812.3, The Code, when a reasonable doubt exists as to his competency to enter a guilty plea. Along with this claim he maintains the record shows that he was incompetent to enter a plea. Second, he claims that he received ineffective assistance of counsel when his attorney allowed him to plead guilty despite his incompetency. To this second claim, he alternately alleges that the ineffectiveness of counsel does not fully appear of record at this stage and that this court may reserve ruling to allow an adjudication of the issues in a post-conviction proceeding. *See* ch. 663A, The Code.

Generally, an assignment of error not raised before the trial court cannot be raised for the first time on appeal. *State v. Hansen*, 286 N.W.2d 163, 165–66 (Iowa 1979). We have held that claims of constitutional errors must be preserved in the same manner as any other claims. *State v. Rinehart*, 283 N.W.2d 319, 324 (Iowa 1979), *cert. denied*, 444 U.S. 1088, 100 S.Ct. 1049, 62 L.Ed.2d 775 (1980) (failure to preserve denial of due process claim precludes application of discretionary plain error rule); *State v. Johnson*, 272 N.W.2d 480, 484 (Iowa 1978) (fifth amendment "error must be preserved as to final judgments before appellate review may be had"). With this general rule in mind, we now turn to defendant's specific claims of error.

█ A. *Ineffective assistance of counsel.* When a claim of ineffective assistance of counsel is made, we have allowed an exception to the general rule of error preservation. *See State v. Kellogg*, 263 N.W.2d 539, 543 (Iowa 1978). Because these claims (realistically) are not made by attorneys against their own actions, we have allowed the suspension of rule 23(3)(a). *See State v. Schoelerman*, 315 N.W.2d 67, 71 (Iowa 1982). We hold that the failure of the defendant to raise the claim of ineffective assistance of counsel before the trial court and the lack of a motion in arrest of judgment do not preclude our consideration of this claim.

█ Normally, however, the record on appeal is insufficient to allow us to consider a claim of ineffective assistance of counsel, and we often reserve the claim for a post-conviction proceeding so that the facts, including an explanation of counsel's actions or omissions, may be fully developed. *State v. Williams*, 285 N.W.2d 248, 271 (Iowa 1979), *cert. denied*, 446 U.S. 921, 100 S.Ct. 1859, 64 L.Ed.2d 277 (1980); *State v. Smith*, 282 N.W.2d 138, 143–44 (Iowa 1979); *cf. Schoelerman*, 315 N.W.2d at 71 (record adequate to allow court on appeal to review effectiveness of counsel); *State v. Hendren*, 311 N.W.2d 61, 63–64 (Iowa 1981) (same). We hold that the record in the instant case is inadequate to allow us to determine whether "counsel's performance was within the range of normal competency." *Hinkle v. State*, 290 N.W.2d 28, 30 (Iowa 1980). The record is void as to what, if any, investigation counsel made as to defendant's competency. We do not know if defendant's mental difficulties were problems caused by his sexual aberrations or were problems that could render him incompetent to participate in the proceedings. An evidentiary hearing is required; we conclude that a post-conviction proceeding is the appropriate forum for such a hearing.

B. *Due process.* Defendant claims that he was denied due process by trial court's failure to *sua sponte* afford him a competency hearing before accepting the guilty plea. The defendant does not directly challenge the voluntariness of the plea, but claims that due process mandates a competency hearing.

We are faced with the same problems of preservation of error and lack of a rule 23(3)(a) motion here as in the defendant's ineffective assistance of counsel claim. However, for the same reasons we set out in Division II A, *supra*, we except the defendant from the requirements of error preservation and a rule 23(3)(a) motion.

█ It is fundamental that if the defendant was incompetent he was in no position to preserve error, request a section 812.3 hearing, or avoid a waiver of his motion in arrest of judgment. *See, e.g., Drope v. Missouri*, 420 U.S. 162, 171, 95 S.Ct. 896, 903, 43 L.Ed.2d 103, 112–13 (1975). Thus, a conviction based on an incompetent defendant's failure to observe procedures deprives the defendant of the due process right to a fair trial. *Pate v. Robinson*, 383 U.S. 375, 384–85, 86 S.Ct. 836, 841–42, 15 L.Ed.2d 815, 821–22 (1966). Relevant factors in determining whether due process requires an inquiry as to competency include (1) defendant's irrational behavior, (2) demeanor at trial, and (3) any prior medical opinion on competence to stand trial. *Drope*, 420 U.S. at 180, 95 S.Ct. at 908, 43 L.Ed.2d at 118. The critical question is "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable

degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402, 80 S.Ct. 788, 789, 4 L.Ed.2d 824, 825 (1960).

 Applying these standards to our de novo review of the record, *see State v. Boone*, 298 N.W.2d 335, 337–38 (Iowa 1980), we conclude that there is not a bona fide reason for the trial court to question defendant's competency. Defendant exhibited no irrational behavior and there is no suggestion in the record that his demeanor was other than good. No comment was made by defense counsel or the trial court, who was in a better position to observe these factors than our examination of a cold record. Defendant was represented by counsel throughout who raised no question as to his competency. It is true that a medical report indicated some mental problem. The problem, however, is not sufficiently defined so that we are able to judge whether the psychiatrist was concerned about the defendant's possible sexual aberrations or his competency to stand trial. There is also no psychiatric testimony in the record as to defendant's mental condition indicating that an evaluation should be obtained before further proceedings were held. The record is thus entirely unlike that of *Robinson* where the defendant had a long history of unprovoked violence, suicide, a disturbed mind with abnormal actions, and testimony from four defense witnesses who said that he was insane. *Robinson*, 383 U.S. at 382–83, 86 S.Ct. at 840–41, 15 L.Ed.2d at 820–21. It is also unlike *Drope* where the defendant shot himself in a suicide attempt shortly after the commencement of trial. *Drope*, 420 U.S. at 166, 95 S.Ct. at 901, 43 L.Ed.2d at 110. We thus hold that, on the basis of this record, the trial court's failure to hold a competency hearing under section 812.3 did not deny the defendant due process.

III. Although it is not necessary for this decision, we find it appropriate to comment concerning defendant's post-conviction rights. We specifically pointed out that defendant did not raise the issue of competency to enter a plea as a denial of due process rights. We ruled in *Carstens v. Rans*, 210 N.W.2d 663 (Iowa 1973), that post-conviction relief was not available to a defendant who failed to raise the issue of competency on appeal. *Id.* at 665. In *Carstens* the issue of insanity and competency were before the trial court. Here, no such claims were made before the trial court, and we have not passed on them on appeal. These claims are still available to the defendant on post-conviction proceedings. *See* § 663A.8, The Code.

AFFIRMED.

All Justices concur, except CARTER, J., takes no part.