STATE of Iowa, Appellee,

v.

Yvette Marie MYERS, Appellant.

No. 88–966.

Supreme Court of Iowa.

Sept. 19, 1990.

Raymond E. Rogers, Appellate Defender, and Andi S. Lipman and Barbara M. Anderson, Asst. Appellate Defenders, for appellant.

Thomas J. Miller, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., Denver Dillard, County Atty., and Jon Hammond, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SCHULTZ, and CARTER, JJ.

CARTER, Justice.

Defendant, Yvette Marie Myers, appeals from a conviction of second-degree murder, contending that a hearing should have been held on her competency to stand trial. The court of appeals, on a four-to-two vote, found that information which came to the trial court's attention during the trial raised serious questions concerning defendant's competency. Based on this finding, that court concluded that the trial court erred in not ordering a competency hearing sua sponte. It reversed defendant's conviction and granted a new trial. We granted further review of the court of appeals decision. After considering the arguments of the parties, we vacate the decision of the court of appeals and affirm the judgment of the district court.

Defendant was charged with the murder of her mother by striking her several times in the head with a hammer. Information came to light during pretrial proceedings that defendant had a history of mental illness diagnosed as schizophrenia, chronic and undifferentiated. She had been civilly committed as mentally impaired on more than one occasion dating back to 1983.

Prior to trial defendant was sent to the Iowa Security Medical Facility (the medical facility) for purposes of evaluating her competency to stand trial. While she was at the medical facility, her counsel filed a motion for a competency hearing. That motion recited that the allegations therein were "on information and belief." After the deposition of Dr. Curtis Fredrickson, a staff doctor at the medical facility, was taken, the defendant withdrew her request for a competency hearing.

The case was tried to the court on stipulated facts plus the deposition testimony of the staff doctor from the medical facility and testimony from a clinical psychologist. Defendant was convicted of second-degree murder in a ruling issued on October 27, 1987. Between the time of conviction and sentencing, a hearing was held on defendant's competency posttrial. During this proceeding, defendant was represented by counsel other than the attorney who represented her at trial.

As a result of the posttrial competency hearing, the court determined on March 15, 1988, that defendant was not then sufficiently competent to understand the nature of the proceedings. Sentencing was delayed, and defendant was sent to the Independence Mental Health Institute. On May 13, 1988, a staff psychiatrist at that institution advised the court that defendant's mental condition was substantially improved. He deemed her to be competent at that time to proceed to the sentencing stage of the criminal prosecution. Based

on that report, sentencing occurred on June 7, 1988.

In seeking to overturn the court of appeals decision and uphold the judgment of conviction, the State argues that the matter of defendant's competency to stand trial was fully explored at an evidentiary post-trial hearing. It contends that substantial evidence offered at that hearing supports the trial court's refusal to grant a new trial as a result of defendant's competency claim. This argument does not really answer the claim being made on the present appeal.

The claim on appeal (and the issue on which the court of appeals ordered a new trial) does not involve whether defendant was in fact competent to stand trial at the time the trial occurred. Rather, the issue presented on appeal is whether, under Iowa Code section 812.3 (1989), the import of the information which came to the trial court's attention immediately prior to and during the trial created enough doubt as to defendant's competency that an evidentiary hearing was required.

■ If the court of appeals was correct in concluding that matters known to the trial court mandated a hearing under section 812.3, then we believe the failure to hold such a hearing was probably not capable of being cured by an ex post facto determination of competency sometime after the trial was held. *See, e.g., Pate v. Robinson*, 383 U.S. 375, 387, 86 S.Ct. 836, 843, 15 L.Ed.2d 815, 823 (1966); *Dusky v. United States*, 362 U.S. 402, 403, 80 S.Ct. 788, 789, 4 L.Ed.2d 824, 825 (1960). Consequently, we review the State's petition for further review and the substantive issues on appeal solely with respect to matters which might have alerted the district court as to the necessity of a competency hearing immediately prior to or at the time of trial.

■ We have said that relevant factors in determining whether a section 812.3 hearing should be held include (1) presence of irrational behavior, (2) other demeanor during trial which suggests a competency problem, and (3) medical evidence of which the trial court is aware concerning defendant's mental competency. *State v. Lucas,* 323 N.W.2d 228, 232–33 (Iowa 1982). In applying the *Lucas* standards, the court of appeals' majority relied on the following matters: the record of a prior mental illness (schizophrenia); the deposition testimony of Dr. Curtis Fredrickson, offered as substantive evidence during the trial; the fact that defendant had filed a pretrial motion requesting a competency hearing, albeit that motion was later withdrawn; and some uncertainty in the record concerning defendant's understanding of the proceedings at the time of her waiver of a jury trial.

■ We have reviewed the record concerning each of the circumstances enumerated by the court of appeals in support of its holding. Although we are in no disagreement with the court of appeals' recitation of the salient facts, we do disagree with its characterization of those facts. Our strongest disagreement with the court of appeals' conclusions, although not our only disagreement, concerns that court's characterization of Dr. Fredrickson's testimony. Unlike the court of appeals, we find this witness's conclusions as to defendant's competency were not equivocal. On each occasion that he was questioned about the matter, he expressed the opinion that defendant did appreciate the nature of the charge against her, had an adequate understanding of the proceedings, and was competent to stand trial. These conclusions took into account defendant's previous history of mental illness.

Dr. Fredrickson's deposition also has a bearing on other circumstances which the court of appeals believed supported its result. This deposition was taken on September 9, 1987, and September 15, 1987. Defendant's pretrial motion requesting a competency hearing had been filed on July 31, 1987. That motion recited that defendant was then being examined by Dr. Fredrickson at the Iowa Security Medical Facility with respect to her competency. It further asserted that her incompetency was being questioned "upon information and belief."

After the September deposition in which Dr. Fredrickson testified that defendant

was competent to stand trial, defendant, on October 15, 1987, withdrew her request for a competency hearing. This was part of a series of procedural events on the eve of trial which included a waiver of jury trial. The case thereafter proceeded to trial before the court. The issues were submitted to the court on stipulated facts, the Fredrickson deposition, and testimony of Patricia Rooney–Rebeck, a clinical psychologist, concerning defendant's ability to deliberate, premeditate and form a specific intent to kill.

Given the factors which we have recited, together with the limited nature of the trial which took place and the colloquy in which the court personally addressed the defendant with respect to her understanding of the jury trial waiver, we are unable to conclude that the circumstances, either individually or in combination, raised enough doubt concerning defendant's competency that the trial court was required to order a competency hearing sua sponte.[1]

We have considered all arguments presented and find no basis for disturbing defendant's conviction on the grounds which have been asserted. The decision of the court of appeals is vacated. The judgment of the district court is affirmed.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.

1. In a motion for new trial, defendant challenged the voluntariness of her waiver of a jury trial largely on the ground that she was not mentally competent. The trial court rejected this contention. That determination is not challenged on appeal.