## IN THE COURT OF APPEALS OF IOWA

No. 15-2031
Filed October 26, 2016

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**DUSTIN ALLEN HEUER,**
　　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Hardin County, James C. Ellefson (plea) and John J. Haney (sentencing), Judge.

A defendant appeals his conviction and claims his counsel was ineffective. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

Dustin Heuer appeals his conviction for sexual abuse in the second degree, in violation of Iowa Code sections 709.1(1) and 709.3(1)(b) (2015). Heuer claims he was not competent to enter a plea and his counsel was ineffective in not challenging his guilty plea. We affirm.

I.      Background Facts and Proceedings

Heuer has intellectual limitations. He lives in his own apartment but sometimes stays with his guardian. He also receives assistance in his daily activities from case worker, Enoch Higbee. On June 25, 2015, Heuer was spending time at Higbee's house while two young children were present. Heuer is sexually aroused by the smell of feces. While Heuer was alone with the children, he massaged one of the children's anuses, became aroused, and masturbated in front of the children. Heuer told Higbee about the incident, and Higbee called law enforcement.

On July 2, 2015, the State charged Heuer with sexual abuse in the second degree. On August 31, 2015, Heuer pled guilty to the charge as part of a plea agreement with the State. During the plea hearing, the district court engaged in a colloquy and discussed the consequences of the guilty plea with Heuer. Heuer's counsel also described his investigation of possible defenses Heuer could raise and his investigation of Heuer's mental health, which included an evaluation by Dr. Art Konar, a licensed psychologist. Dr. Konar found "Heuer had borderline intellectual functioning, that he was either just above or just below the mental retardation point but that he understands all the facts and could name his medications, the folks involved in this case, and what was involved legally."

Additionally, the court asked counsel if he had any doubts about Heuer's competency, to which counsel responded that Heuer "clearly" understood the pertinent facts and penalties.

On October 14, 2015, Heuer, through new counsel, filed a motion in arrest of judgment, claiming his plea was entered under duress or coercion. On October 23, 2015, Heuer filed a motion to dismiss his motion in arrest of judgment and requested a sentencing hearing. At the hearing, the court discussed the motion in arrest of judgment with Heuer and confirmed that Heuer wished to dismiss it and proceed with sentencing. The court also confirmed with new counsel that he had discussed the issue with Heuer and that counsel believed Heuer understood the consequences of his choice. After this colloquy, the court granted the motion to dismiss the motion in arrest of judgment and proceeded with sentencing. Heuer appeals.

II. Standard of Review

Generally, we review challenges to the entry of a guilty plea for correction of errors at law. *State v. Tate*, 710 N.W.2d 237, 239 (Iowa 2006). We review whether a defendant was competent de novo. *State v. Lyman*, 776 N.W.2d 865, 871 (Iowa 2010), *overruled on other grounds by Alcala v. Marriot Int'l, Inc.*, 880 N.W.2d 699, 708 (Iowa 2016). When a defendant challenges a guilty plea in the context of a claim of ineffective assistance of counsel, our review is de novo. *Tate*, 710 N.W.2d at 239.

III.    Entry of Guilty Plea

Heuer claims the district court violated his due process rights by accepting his guilty plea without holding a competency hearing. The State argues Heuer failed to preserve error regarding the entry of his guilty plea because he withdrew his motion in arrest of judgment. Additionally, the State asserts there was no basis to question Heuer's competence when accepting his guilty plea.

Generally, we will not review the validity of a guilty plea in the absence of a motion in arrest of judgment. *State v. Lucas*, 323 N.W.2d 228, 230 (Iowa 1982). The district court made this rule clear to Heuer when accepting his plea. Heuer demonstrated his understanding of this rule when he filed a motion in arrest of judgment. Yet, at the hearing on Heuer's motion, Heuer indicated he wished to withdrawal his motion in arrest of judgment, leave his guilty plea in place, and proceed with sentencing. The district court again reviewed the importance of a motion in arrest of judgment, and Heuer indicated he understood and still wished to withdraw his motion. Consequently, error has not been preserved, and we refuse to address the voluntariness of Heuer's guilty plea. *See id.* at 230.

However, when a defendant claims they were denied due process because the district court failed to order a competency hearing *sua sponte*, "[t]he defendant does not directly challenge the voluntariness of the plea, but claims that due process mandates a competency hearing." *Id.* at 232. In this context, we allow an exception to our normal error preservation rules. *Id.* ("It is fundamental that if the defendant was incompetent he was in no position to preserve error, request a section 812.3 hearing, or avoid a waiver of his motion in

arrest of judgment."). Therefore, we will proceed to a determination of whether the district court violated Heuer's due process rights by not ordering a competency hearing. In determining whether due process requires a competency hearing, we consider: (1) the defendant's irrational behavior, (2) the defendant's demeanor in court, and (3) prior medical opinions on competence. *Id.* "The critical question is 'whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding— and whether he has a rational as well as factual understanding of the proceedings against him.'" *Id.* (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)).

Heuer points to his intellectual limitations, that he has a guardian, and that he was taking antipsychotic medication as reasons the court should have ordered a competency hearing. The State counters with Heuer's educational accomplishments, his living status, his recall and explanation of the facts of the crime, his behavior during the plea and sentencing hearings, and the opinion of a licensed psychologist procured by Heuer's counsel as support for the district court's decision not to order a competency hearing. We agree with the State. Our review of the record finds Heuer did not exhibit any irrational behavior and his demeanor during the hearings, while understandably somber, was cooperative and appropriately-responsive to the court's questions. Further, Heuer's counsel indicated he considered the issue but believed Heuer understood the facts and consequences of the incident. Counsel's conclusion was partially based on the opinion of a licensed psychologist who examined Heuer and concluded Heuer "understands all the facts and could name his

medications, the folks involved in this case, and what was involved legally." Based on these facts, and both Heuer's and counsel's indication that their relationship was functional and productive, we conclude the district court did not err in accepting Heuer's guilty plea without ordering a competency hearing.

IV.    Ineffective Assistance of Counsel

Heuer claims his counsel was ineffective in: (1) allowing him to enter a guilty plea while Heuer was incompetent and (2) moving to withdraw Heuer's motion in arrest of judgment. The State argues Heuer's counsel did not breach an essential duty in either respect. "Ordinarily, we do not decide ineffective-assistance-of-counsel claims on direct appeal. . . . However, we depart from this preference in cases where the record is adequate to evaluate the appellant's claim." *Tate*, 710 N.W.2d at 240.

Counsel is ineffective when counsel's performance, measured against objective standards, falls below professional norms. *State v. Clay*, 824 N.W.2d 488, 494–95 (Iowa 2012). "In order to succeed on a claim of ineffective assistance of counsel, a defendant must prove: (1) counsel failed to perform an essential duty; and (2) prejudice resulted." *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008).

Whether counsel failed to perform an essential duty is measured against the objective standard of a reasonably competent practitioner. *Id.* at 195–96. We begin with the presumption that counsel performed their duties competently, and "this court 'avoid[s] second-guessing and hindsight.'" *Id.* at 196 (alteration in original) (quoting *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001)). Further, we analyze the claim based on the totality of the circumstances. *Id.* Strategic

decisions made based on thorough investigation and reasonable professional judgments are "virtually unchallengeable." *Ledezma*, 626 N.W.2d at 143 (quoting *Strickland v. Washington*, 466 U.S. 668, 690–91 (1984)).

### A.     Entry of Guilty Plea

Heuer argues his counsel was ineffective in allowing him to enter a guilty plea because he was incompetent. For many of the same reasons discussing Heuer's competence above, we conclude counsel did not breach an essential duty by allowing Heuer to plead guilty. Based on our review of the record, we already determined there was no indication Heuer was not competent. Further, Heuer's counsel considered the possibility of a defense based on Heuer's intellectual limitations and had an evaluation completed. Based on that evaluation and his interactions with Heuer, counsel concluded Heuer was competent and a guilty plea was a good option for Heuer. Based on the totality of the circumstances, we conclude counsel investigated the issue and made a reasonable strategic decision in pursuing a possible guilty plea. Therefore, we conclude counsel did not fail to perform an essential duty.

### B.     Withdrawal of Motion in Arrest of Judgment

Heuer next claims his counsel was ineffective in filing a motion to withdraw Heuer's motion in arrest of judgment based on duress and coercion. At the hearing, the district court questioned Heuer about his motion in arrest of judgment, explained the purpose and importance of a motion in arrest of judgment again, and probed Heuer's desire to allow his guilty plea to stand. Heuer indicated repeatedly that he had discussed the issues with counsel and wished to proceed. Counsel indicated that he discussed the issues with Heuer

thoroughly and concluded that the basis of the motion in arrest of judgment—duress or coercion—was not present. We conclude counsel researched the issue, discussed it with his client, and made a reasonable strategic decision. Therefore, we conclude counsel did not fail to perform an essential duty.

Because we conclude counsel did not breach an essential duty in either of the respects Heuer claims, we reject Heuer's ineffective-assistance-of-counsel claim.

V.     Conclusion

Because we conclude the trial court did not err in accepting Heuer's guilty plea and because we conclude Heuer's counsel was not ineffective, we affirm Heuer's conviction.

**AFFIRMED.**