## IN THE COURT OF APPEALS OF IOWA

No. 19-1434
Filed August 5, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**WILLIAM PAUL ROLAND,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, William P. Kelly, Judge.


        William Roland appeals district court orders granting applications for reimbursement of room and board fees. **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.


        Considered by Doyle, P.J., and Mullins and Greer, JJ.

**MULLINS, Judge.**

William Roland appeals district court orders granting the Polk County Sheriff's Department's applications for reimbursement of room and board fees. He argues that because the department filed for reimbursement as a civil judgment, it should have filed a civil petition, and the failure to do so violated his due process rights for failure of notice and an opportunity to be heard.

Our supreme court recently explained Iowa Code section 356.7 (2018) "does not require 'filing a petition with the court,' which is the only way to commence a civil action," but instead "allows the sheriff herself or himself to file the claim with the clerk." *State v. Gross*, 935 N.W.2d 695, 704 (Iowa 2019). Because it was not raised, the court left the issue of whether such a procedure violates due process for another day. *Id.* As to the constitutional claim, after the court's first order for reimbursement, Roland essentially asked for reconsideration. Thereafter, the court entered its second order for reimbursement. At a subsequent hearing, the court considered Roland's challenge to both reimbursement orders. No claim of a due process violation was made or considered by the district court, and such a claim is therefore not preserved for our review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."); *State v. Lucas*, 323 N.W.2d 228, 232 (Iowa 1982) ("[C]laims of constitutional errors must be preserved in the same manner as other claims."). In any event, due process only requires notice and an opportunity to be heard, which Roland was provided.

**AFFIRMED.**