# IN THE COURT OF APPEALS OF IOWA

No. 19-2150
Filed October 21, 2020

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**GEORGE ALEX LEE CUE, JR.,**
      Defendant-Appellant.
_____

      Appeal from the Iowa District Court for Boone County, Amy M. Moore,
Judge. (Guilty Plea Hearing) Christopher Polking, Judge. (Sentencing Hearing)

      George Cue appeals his conviction and requests a remand to the district
court for a competency hearing. **AFFIRMED.**

      Agnes G. Warutere of Warutere Law Firm, P.L.L.C., Ankeny, for appellant.

      Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney
General, for appellee.

      Considered by Doyle, P.J., and Mullins and Greer, JJ.

**GREER, Judge.**

In October 2019, George Cue pled guilty to four counts of sexual abuse in the second degree. Cue was later sentenced to a term of incarceration not to exceed twenty-five years on each count.[1] Cue now appeals, asking that the court reverse his convictions and remand his case to the district court for further proceedings. Cue argues the court violated his right to due process by accepting his guilty pleas in light of alleged questions about his competency.[2]

**Factual Background and Proceedings.**

In July of 2019, Cue's wife reported to the local police department that Cue had "done something sexual to their daughters." That same day, Cue went to the police department with other family members and admitted to an officer that he had engaged in sex acts with his two daughters. Cue told the officer he "had been struggling to function in a normal capacity for a while and sometimes goes off in a fantasy state of mind" and that he had "strong mental impulses about sex." He also stated "he felt he was there but not there at times" and "knew what he was doing but would lose control of himself." Cue said he "was not sure what all he did

---

[1] The court ordered counts I and II to run concurrently, followed by counts III and IV, also running concurrently. Cue was to serve those two blocks of time consecutively for a total term of incarceration not to exceed fifty years.

[2] While Cue did not file a motion in arrest of judgment that does not prevent our review of his claim he was denied due process for reasons of incompetency. *See State v. Heuer*, No. 15-2031, 2016 WL 6270124, at *2 (Iowa Ct. App. Oct. 26, 2016) ("[W]hen a defendant claims they were denied due process because the district court failed to order a competency hearing sua sponte, '[t]he defendant does not directly challenge the voluntariness of the plea, but claims that due process mandates a competency hearing.' In this context, we allow an exception to our normal error preservation rules." (citation omitted)); *see also State v. Lucas*, 323 N.W.2d 228, 230 (Iowa 1982) ("It is fundamental that if the defendant was incompetent he was in no position to preserve error, request a section 812.3 hearing, or avoid a waiver of his motion in arrest of judgment.").

but that he remembered pieces of what happened." After these admissions, but before his arrest, Cue committed himself to Mary Greeley Medical Center. He was released after forty-eight hours when it was determined he would not "self-harm." Cue was then arrested and charged with five counts of sexual abuse on August 1, 2019.

That October, Cue pled guilty to four counts of sexual abuse in the second degree. During the plea hearing, the court engaged Cue in a plea colloquy to establish that his guilty plea was knowing, voluntary, and supported by a factual basis. The court inquired into Cue's mental competency through multiple questions. Specifically, the court asked Cue whether he was under any medical care involving a doctor or psychiatrist. Cue replied that he "had been to the crisis center before being arrested" but was not currently seeing anyone for mental-health conditions. The court explored with Cue, "[I]n your own words, what are you here in court to do today?" Cue replied that he was in court to plead guilty to four counts of sexual abuse. Turning to Cue's counsel, the court asked whether he believed that Cue "has the sufficient ability here to make decisions regarding his plea of guilty?" Counsel replied:

> I do today, your Honor. With complete disclosure, I do have concerns that [Cue] does have some mental health issues. However, they do not arise or reach a level where I would be concerned about his competency. I believe his jail stay as well as the charges have caused him stress, some self-harming type thought; but as to his competency to give a guilty plea, I don't question his ability to do that.

The court next asked Cue whether he was under the influence of alcohol or medications, to which Cue replied that he was taking medication for anxiety. Cue confirmed he had not noticed any side effects from his medication. Cue told the

court that he was able to think clearly and understand what the court was saying to him. During the remainder of the colloquy the court established Cue understood the terms of the plea agreement, what rights and privileges he was waiving, and the factual basis for the guilty pleas. The court also advised Cue that he could file a motion in arrest of judgment to address "anything that you may feel that is wrong with what we did today as far as your guilty plea hearing is concerned . . . ." Ultimately, Cue did not file a motion in arrest of judgment, and at no point did Cue raise his competency to plead guilty throughout these proceedings.

The court accepted Cue's guilty pleas, and he was sentenced in December 2019 to twenty-five years on each count of second-degree sexual abuse. The court took care to explain to Cue that he could not appeal the issue of guilt following a guilty plea without showing good cause. Cue now appeals his convictions, arguing there were substantial questions about his competency such that the court violated his due process rights by accepting his plea without holding a competency hearing.

**Standard of Review.**

"Under the United States Constitution, the United States Supreme Court has declared that the conviction of an incompetent defendant violates due process." *State v. Einfeldt*, 914 N.W.2d 773, 778 (Iowa 2018). "We have emphasized that whether to hold a competency evaluation presents a legal question." *Id.* at 780. "When a constitutional question is raised, our review of a district court decision regarding whether to hold a competency evaluation is de novo." *Id.*

**Good Cause to Appeal.**

Cue pled guilty to four counts of second-degree sexual abuse in October 2019, and judgment was entered against him about two months later in December. Therefore, Cue's appeal is controlled by the amended Iowa Code section 814.6 (2019). *See State v. Damme*, 944 N.W.2d 98, 103 n.1 (Iowa 2020) ("[R]eiterat[ing] that date of the *judgment* being appealed controls the applicability of the amendment to section 814.6."). Section 814.6(1)(a)(3) prevents defendants from challenging their guilty pleas for anything other than a class "A" felony unless they establish "good cause." So our threshold question is whether Cue has good cause to appeal in this circumstance; we cannot proceed to the merits of his claim unless we find good cause exists for this appeal.

"The legislature did not define 'good cause' in this statute" and "'[g]ood cause' is defined in a variety of ways elsewhere in the Iowa Code and Rules of Procedure." *Id.* at 104. In *Damme*, our supreme court adopted the definition "[a] legally sufficient reason" as the meaning of "good cause" within section 814.6. *Id.* But "what constitutes good cause is context-specific." *Id.* And "we must determine when a defendant who pled guilty has a legally sufficient reason to appeal." *Id.*

Our supreme court has not yet considered whether a defendant's claim of incompetence at the time of the guilty plea provides good cause for a direct appeal under section 814.6. The State concedes that good cause for a direct appeal would likely exist if issues regarding Cue's competency were raised and contested before the district court. We take it one step further and find that good cause exists to challenge competency at the time of the plea irrespective of whether the issue was contested below. With that, we proceed to the merits of Cue's claim.

**Claim regarding Incompetency.**

Although neither Cue nor his counsel raised them to the court taking his pleas, according to Cue, there were several "noteworthy" clues of his incompetency. Cue maintains the trial court failed to make further inquiry into his competency after learning about his statements about being in "a fantasy state of mind" and "struggling to function in a normal capacity"; his inability to name the anxiety medication he was taking; his status as a social security income recipient since age five; his lack of insight to request his mother and brother not attend his private meeting with the police when he described his criminal acts; and his forty-eight hour commitment to Mary Greeley Medical Center.

Iowa Code section 812.3 lays out a procedural mechanism designed to ensure due process is satisfied when there are questions regarding the competency of a criminal defendant. *See Einfeldt*, 914 N.W.2d at 779.

> If at any stage of a criminal proceeding the defendant or the defendant's attorney, upon application to the court, alleges specific facts showing that the defendant is suffering from a mental disorder which prevents the defendant from appreciating the charge, understanding the proceedings, or assisting effectively in the defense, the court shall suspend further proceedings and determine if probable cause exists to sustain the allegations. The applicant has the burden of establishing probable cause. *The court may on its own motion schedule a hearing to determine probable cause if the defendant or defendant's attorney has failed or refused to make an application under this section and the court finds that there are specific facts showing that a hearing should be held on that question.*

Iowa Code § 812.3 (emphasis added). "Probable cause exists for a competency hearing when a reasonable person would believe that there is a substantial question of the defendant's competency." *Einfeldt*, 914 N.W.2d at 779 (citing *State v. Kempt*, 282 N.W.2d 704, 706 (Iowa 1979)). There is a presumption that a

defendant is competent to stand trial, and the defendant has the burden to prove incompetence. *State v. Gaston*, No. 18-1293, 2020 WL 1307690, at *2 (Iowa Ct. App. Mar. 18, 2020). Thus, the question we must answer is whether there were "specific facts" regarding Cue's competency that required the court to order a competency hearing on its own motion.

> Relevant factors in determining whether due process requires an inquiry as to competency include (1) defendant's irrational behavior, (2) demeanor at trial, and (3) any prior medical opinion on competence to stand trial. The critical question is "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him."

*Lucas*, 323 N.W.2d at 232 (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)).

Throughout the plea and sentencing proceedings, no one raised an issue with Cue's competency. No one requested a competency hearing. But if there is serious doubt about a defendant's competency, the trial court has an absolute responsibility to order a hearing sua sponte. *State v. Mann*, 512 N.W.2d 528, 531 (Iowa 1994). To evaluate whether that responsibility was required here, we only consider those competency factors known to the court at the time of the guilty plea hearing. *See State v. Walton*, 228 N.W.2d 21, 23 (Iowa 1975) ("Our task . . . is to examine all the circumstances before [the] trial court to determine if at the time his plea was accepted there existed an unresolved reasonable doubt as to defendant's competence to plead guilty."); *see also State v. Jasper*, No. 16-2039, 2017 WL 6513603, at *3 (Iowa Ct. App. Dec. 20, 2017) ("But we only consider factors known by the court at the time of the plea colloquy.").

On our de novo review, and after applying these factors, we find no specific facts regarding Cue's competency that required the court to order a hearing on its own motion under section 812.3. Although Cue now claims he lacked insight about his actions, he offered specific details of his crimes to law enforcement and then acknowledged his "disgust and regret for what he had done." While Cue's attorney did note that he had concerns about Cue's mental health, he specifically said that "they do not arise or reach a level where I would be concerned about his competency." *See Einfeldt*, 914 N.W.2d at 780–81 (noting counsel's professional statements referencing difficulty of representation should be weighed in decision to conduct a competency evaluation). Likewise, Cue offered to the trial court that he checked himself into the mental-health unit of the Mary Greeley Medical Center before turning himself in to the police. He shared that he had been prescribed medication for anxiety while in jail but noticed no side effects from the medication. No medical evidence raised a question of his competency. Finally, the record of the plea colloquy gives no indication that Cue demonstrated irrational behavior during these proceedings or that his demeanor was anything but normal considering the circumstances. The trial court carefully addressed and established the factual basis of the crimes soliciting lucid responses from Cue as to each count.

In sum, Cue failed to show any behavior suggesting he was incompetent to plead guilty. Rather, his behavior showed a natural response to the crushing guilt he felt when faced with his crimes and the reality of his situation. With a long and emotional rendition of his guilt during allocution at sentencing, Cue reflected, "I take responsibility for my actions. It was my job to protect my wife and children, my family, and I failed to do that. And that is why I have turned myself in." We find

that Cue was competent to plead guilty and that due process was satisfied regarding his plea. There was no probable cause established to require a competency hearing. Thus, we affirm his convictions on four counts of sexual abuse in the second degree.

**AFFIRMED.**