# IN THE COURT OF APPEALS OF IOWA

No. 21-0362
Filed March 2, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TRENTON MICHAEL BROWN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Des Moines County, Michael J. Schilling, Judge.


        Trenton Michael Brown appeals his convictions on charges of disarming a police officer with discharge of a weapon, assault on a police officer causing bodily injury, and fourth-degree criminal mischief.  **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Mary K. Conroy, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.


        Considered by Bower, C.J., Chicchelly, J., and Doyle, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**DOYLE, Senior Judge.**

Trenton Michael Brown appeals his convictions on charges of disarming a police officer with discharge of a weapon, assault on a police officer causing bodily injury, and fourth-degree criminal mischief. Brown asks us to reverse his convictions and remand for a new trial based on the district court's failure to suspend proceedings and request a second competency evaluation. Because the conviction of an incompetent person violates due process, we review competency decisions de novo. *State v. Einfeldt*, 914 N.W.2d 773, 778, 780 (Iowa 2018). We "examine the totality of the circumstances to determine if, at the relevant time, a substantial question of the [defendant]'s competency reasonably appeared." *Jones v. State*, 479 N.W.2d 265, 270 (Iowa 1991).

There is a presumption that a defendant is competent to stand trial, and the defendant has the burden to prove incompetence. *State v. Cue*, No. 19-2150, 2020 WL 6157813, at *3 (Iowa Ct. App. Oct. 21, 2020), *further review denied* (Dec. 22, 2020) (citing *State v. Gaston*, No. 18-1293, 2020 WL 1307690, at *2 (Iowa Ct. App. Mar. 18, 2020)). But when questions arise about a criminal defendant's competency, Iowa Code section 812.3 (2019) sets out a procedural mechanism to ensure due process is satisfied. It requires a competency hearing "at any stage of a criminal proceeding" if there are "specific facts showing that the defendant is suffering from a mental disorder which prevents the defendant from appreciating the charge, understanding the proceedings, or assisting effectively in the defense." Iowa Code § 812.3(1). Either a defendant or defense counsel can apply for a competency determination, or the court can schedule a competency hearing on its own motion. *See id.*

"Probable cause exists for a competency hearing when a reasonable person would believe that there is a substantial question of the defendant's competency." *Einfeldt*, 914 N.W.2d at 779. Factors in determining whether due process requires an inquiry into competency include: (1) the defendant's irrational behavior, (2) the defendant's demeanor at trial, and (3) any prior medical opinion on competence to stand trial. *See State v. Lucas*, 323 N.W.2d 228, 232 (Iowa 1982). "[T]he ultimate question of competency facing the judge [is] whether the defendant is prevented from 'appreciating the charge, understanding the proceedings, or assisting effectively in the defense.'" *Einfeldt*, 914 N.W.2d at 791 (quoting Iowa Code § 812.3(1)). Once the court finds the defendant is competent to stand trial, the presumption continues unless there is new evidence to the contrary. *See State v. Lyman*, 776 N.W.2d 865, 872-73 (Iowa 2010), *overruled on other grounds by Alcala v. Marriot Int'l, Inc.*, 880 N.W.2d 699, 708, n.3 (Iowa 2016).

Brown's counsel applied for a mental competency evaluation before trial. The State agreed that an evaluation was necessary, and the district court suspended the proceedings to allow for one. The doctor who performed the competency evaluation interviewed Brown and reviewed other documents, including his medical history, a prior presentence investigation report (PSI), and psychometric test results. The evaluation describes Brown's criminal behavior, substance use, medical history, mental health, and psychiatric diagnoses. It assesses Brown's intelligence in the borderline range, noting that testing indicates an intellectual disability while Brown's functional ability is higher "and in some areas appears to be more like the lower part of the normal range, based on his

social judgment, his abstract reasoning, and his normal sequential sentence structure." The doctor summarized:

> To a reasonable degree of medical certainty, Mr. Brown appears to be competent to stand trial. While his knowledge is not extensive, it appears to be adequate. He appreciates the charges he faces and gives a reasonable estimate of the possible consequences. He can effectively assist his defense attorney and is willing to do so. He has a rational and a factual understanding of the key personnel in court during a trial. His one point of misinformation could be easily corrected in discussion with his defense attorney. There is more evidence that he is competent to stand trial than being not competent to stand trial. There is no evidence that he would not be able to follow the proceedings of a trial in a meaningful manner. He understands the importance of appropriate behavior in court.

On this basis, the district court found Brown competent.

Brown contends that the district court had a duty to suspend proceedings for another competency evaluation based on information that came to light during the colloquy regarding his right to testify. He argues that duty arose based on: (1) his statement that he was not currently taking medication but that he thought it would be helpful if he was prescribed medication for his emotions, (2) his statement that he does not always hear what somebody is saying when they are having a conversation,[1] and (3) his affirmative answer when the court asked if anything had happened during trial that Brown had questions about or did not understand.[2] Brown further claims the PSI included additional information that

---

[1] Brown only stated, "It's happened before when I have a conversation with somebody, I don't always hear what they're saying." There is no indication regarding when this occurred or how often. The court responded by asking if Brown had heard all of the conversations at the hearing that day and everything it had said, and Brown answered in the affirmative.

[2] The court told Brown, "I want you to discuss those with [your attorney], okay?" Brown said, "Okay." The court then stated, "Not right now, but at the appropriate time, all right? Will you do that for me?" Brown responded, "Yes." We note that

should have raised competency concerns: (1) a note that Brown has previously taken medication for mental illness, (2) a statement that Brown was experiencing depression and anxiety, and (3) his mother's report that Brown has an autism spectrum disorder,[3] and Brown suggests the court should have ordered a presentencing competency hearing

The question is whether the information Brown cites would lead a reasonable person to question Brown's ability to appreciate the charges, understand the proceedings, or assist effectively in his defense. We conclude it does not. A defendant's past history of mental illness alone is insufficient to trigger a competency hearing. *See Einfeldt*, 914 N.W.2d at 782 n.3. "[E]ven the presence of mental illness at trial, in and of itself, is not necessarily sufficient to trigger the requirement of a competency hearing" unless it "give[s] rise to a serious question as to whether the defendant meaningfully understands the charges and is capable of meaningfully assisting in the defense." *Id.*

Nothing in the court's colloquy with Brown or the PSI significantly adds to the information already included in the competency evaluation report. Nor would it lead a reasonable person to question Brown's competency in light of the report's discussion of Brown's understanding of the nature of the charges and the proceedings. Although Brown said he "[didn't] always hear what [somebody was]

---

many litigants have questions about legal proceedings, and that alone does not raise competency concerns.

[3] Brown also notes the PSI states that Brown suffers from "Mild to Moderate Mental Retardation, Developing Antisocial Personality Traits, Chronic Posttraumatic Stress Disorder, Conduct Disorder, and Attention Deficit Hyperactivity Disorder." This information is conveyed verbatim on page four of the competency evaluation report.

saying" because of his emotional condition, he told the court he was able to hear all of his conversations with his attorney and was able to hear everything the court had said. Brown acknowledged he understood all of the questions the court asked. When asked if he knew what a witness was, Brown responded "Not really." The court then elaborated and continued with its colloquy regarding whether or not Brown would testify at trial. Brown decided to not testify. Brown seemed cogent during the colloquy, and the record reveals nothing of Brown's behavior or demeanor to question his competency to stand trial.

Because substantial evidence did not raise concerns about Brown's competency following the initial competency evaluation, the district court had no duty to inquire further into Brown's competency.

**AFFIRMED.**