**IN THE COURT OF APPEALS OF IOWA**

No. 23-1328
Filed December 18, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MATHEW ROHAN BOON,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Lee (South) County, John M. Wright,

Judge.


    Mathew Rohan Boon appeals his conviction after pleading guilty to

third-degree criminal mischief. **AFFIRMED.**


    Stuart G. Hoover, East Dubuque, Illinois, for appellant.

    Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney

General, for appellee.


    Considered by Tabor, C.J., and Chicchelly and Sandy, JJ.

**CHICCHELLY, Judge.**

Mathew Rohan Boon appeals after pleading guilty to third-degree criminal mischief. Upon our review, we affirm.

## I. Background Facts and Proceedings.

On October 25, 2022, the Keokuk Police Department conducted a welfare check on Boon. Boon was outside in the rain, dressed in a t-shirt and pants, without shoes. When approached by officers, Boon reported a burglary but was unable to provide details. The officers offered him assistance, but Boon declined, and the officers left after twenty minutes.

A couple hours later, law enforcement responded to another dispatch at the Budget Inn, where they discovered a motel room in complete disarray. The room, which was rented by Boon, had a broken window and destroyed furnishings. The sink and pipes were also damaged, resulting in "several inches of standing water on the floor." By the time officers arrived, the water had spread into adjacent rooms. Boon again claimed that a burglary occurred. But video surveillance showed that Boon was the only one who had entered or exited the room. Law enforcement determined that Boon was responsible for the damage and arrested him. During the booking process, Boon was not cooperative with officers, expressing profanities and "exposing his genitalia to officers."

The State initially charged Boon with first-degree criminal mischief, but after calculating the repair costs, it reduced the charge to second-degree. As a result of plea negotiations, Boon pled guilty to third-degree criminal mischief, and the court accepted his plea.

After pleading guilty, Boon wrote several letters to the court, in which he purported to make substantive motions and alleged his guilty plea was "entered in duress as a direct result of terrorism."[1] He also accused the court of committing numerous statutory and constitutional violations, including committing "identity fraud" and participating in "a large corruption [and] sex scandal." Because Boon was represented by an attorney, the court acknowledged receipt of the documents but did not consider them. *See* Iowa Code § 814.6A(1) (preventing the court from considering documents filed by "a defendant who is currently represented by counsel"). Two months after pleading guilty, Boon through counsel moved in arrest of judgment, reasserting his previous claims. The court denied the motion, both because it was untimely and on its merits. *See* Iowa R. Crim. P. 2.24(3)(b) (requiring a motion in arrest of judgment "be made not later than [forty-five] days after a guilty plea").

Nearly six months after pleading guilty[2], the court sentenced Boon to an indeterminate term of incarceration not to exceed two years. Boon appeals again.[3]

---

[1] During this same timeframe, Boon also appealed twice. But because Boon was not yet sentenced, he was not entitled to a direct appeal; instead, the Iowa Supreme Court treated his notices of appeal as applications for discretionary review, which it denied. *See* Iowa R. App. P. 6.151(2) (permitting the appellate court to treat misfiled documents "as seeking the proper form of review"); Iowa Code § 814.6 (2022) (granting only discretionary review for "[a]n order denying a motion in arrest of judgment").

[2] The sentencing hearing was delayed several times to allow Boon additional time to peruse the presentence investigation report, to address his motion in arrest of judgment, and to give the Iowa Supreme Court time to address his appeals.

[3] Generally, defendants do not have a right to appeal after pleading guilty unless they establish good cause. *See* Iowa Code § 814.6(1)(a)(3). But good cause exists when a defendant challenges the court's alleged failure to order a competency evaluation. *See State v. Newman*, 970 N.W.2d 866, 870–71 (Iowa 2022). We therefore proceed to the merits of Boon's argument.

## II.     Review.

"We review whether a trial court should have ordered a competency hearing de novo."  *State v. Einfeldt*, 914 N.W.2d 773, 778 (Iowa 2018).

## III.     Discussion.

Boon's only argument on appeal is that the district court should have sua sponte ordered a competency evaluation.  *See* Iowa Code § 812.3(1) (permitting the court to "schedule a hearing to determine probable cause" of incompetency). "Probable cause exists for a competency hearing when a reasonable person would believe that there is a substantial question of the defendant's competency." *Einfeldt*, 914 N.W.2d at 779.  To determine whether an evaluation should have been ordered, we consider: "(1) [the] defendant's irrational behavior, (2) demeanor at trial, and (3) any prior medical opinion on competence to stand trial."  *State v. Lucas*, 323 N.W.2d 228, 232 (Iowa 1982).  Because Boon's counsel was "best situated to know whether [his] impairments compromise the defense of the case," we also consider the fact that his attorney failed to raise the issue.  *Einfeldt*, 914 N.W.2d at 780; *accord Lucas*, 323 N.W.2d at 233 (finding the defendant's attorney and court were "in a better position to observe these factors than our examination of a cold record").

Because we presume a defendant is competent unless proven otherwise, Boon has the burden of establishing incompetence.  *See Newman*, 970 N.W.2d at 871.  Upon our review, we do not find that he met this burden.  While Boon points to his behavior leading up to and during his arrest, we focus on his actions during the proceedings and especially before the court.  *See id.* at 871 (considering the defendant's actions during plea colloquy and sentencing hearing).  We find that

Boon's behavior does not rise to such a level that it compelled the court to conduct a competency evaluation. At the hearing, Boon testified in his own defense, requesting access to deposition transcripts and his guilty plea to be set aside. He further admitted to signing the plea agreement, read portions aloud when directed, and even correctly explained the meaning of certain phrases. While he expressed not understanding "all the rules of criminal procedure," he could articulate a rudimentary argument involving the rules' application that, while misguided, was not wholly illogical. In fact, Boon was coherent and fully responsive to questioning throughout the entire hearing. *Compare Newman*, 970 N.W.2d at 871 (finding competency hearing unwarranted when the defendant "demonstrated an understanding of the proceedings and the role of the persons present" and "an ability to communicate with his lawyer"), *and State v. Kramer*, 11 N.W.3d 794, 796, 798 (Iowa Ct. App. 2024) (finding competency hearing unwarranted when despite "loosely espous[ing]" nonsensical theories, the defendant "responded appropriately to the court's directions and gave coherent responses"), *with Einfeldt*, 914 N.W.2d at 780 (finding a competency evaluation should have been ordered after the defendant threatened to "stab her lawyer in the neck with a pen" and did not understand "why the lawyer was seated beside her"). Most importantly, Boon was able to meaningfully participate in own defense. *See Einfeldt*, 914 N.W.2d at 781 (interpreting section 812.3(1) to require the defendant "to effectively assist in the defense"). Defense counsel stated that he was able "to speak to Mr. Boon and confirm" his preferred strategy before filing the motion in arrest of judgment, using near-identical language to Boon's own pro se document. At no point during the proceedings did Boon's counsel express any concern that his client was not

competent or able to participate. *See Lucas*, 323 N.W.2d at 232. And, despite his past criminal history spanning "[o]ver the course of the last several years," Boon provided no medical opinion that he was deemed incompetent in any previous proceedings. *See State v. Morrison*, No. 21-1647, 2022 WL 5067124, at *2 (Iowa Ct. App. Oct. 5, 2022) (considering the defendant's "lengthy criminal history" that was devoid of any incompetency findings as part of its analysis). On this record, we cannot find that a competency hearing was warranted. We therefore affirm.

## IV.    *Disposition.*

Because Boon failed to establish that he was not competent, we affirm his conviction and sentence.

**AFFIRMED.**