# IN THE COURT OF APPEALS OF IOWA

No. 19-1920
Filed March 17, 2021

**DONOVAN AUBREY ROSS,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Linn County, Christopher L. Bruns, Judge.

Donovan Ross appeals the denial of his application for postconviction relief.
**AFFIRMED.**

Gerald J. Kucera, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee State.

Considered by May, P.J., Schumacher, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**VOGEL, Senior Judge.**

Donovan Aubrey Ross appeals the denial of his application for postconviction relief (PCR). He contends the district court erred in allowing him to plead guilty to attempted murder without a factual basis. He also argues his trial attorneys rendered ineffective assistance when they: (1) failed to advise him his codefendant's guilty plea could be used as evidence in his case and (2) failed to investigate the defense of diminished responsibility.

In 2011, the State charged Ross with first-degree murder in the shooting death of Andre Herron. *See* Iowa Code §§ 703.1, 707.1, 707.2 (2011). Ross's codefendant was his brother, Justin Ross. Justin's case went to trial first. After four days of evidence, Justin accepted a plea offer with the State of attempted murder. *See* Iowa Code § 707.11. Immediately before Ross's scheduled trial, the State offered and Ross accepted the same deal to be entered as an *Alford*[1] plea. Ross waived his right to file a motion in arrest of judgment, choosing to proceed immediately to sentencing. The court imposed a term of twenty-five years in prison. He did not file a direct appeal.

In 2014, Ross filed an application for PCR, which did not come on for hearing until 2019. Ross testified, as did his two trial attorneys. After taking the matter under consideration, the PCR court rejected Ross's claims that he was "coerced" into accepting the plea. The court further found Ross was informed of

---

[1] An *Alford* plea allows the defendant to consent to imposition of a sentence without admitting their participation in the acts constituting the crime. *See Alford v. North Carolina*, 400 U.S. 25, 37 (1970).

but waived his right to file a motion in arrest of judgment at the time of sentencing. The court also noted:

> In his original pro se petition, Mr. Ross also alleged that he could not be convicted of attempted murder because the victim died. Counsel indicated Mr. Ross was not pursuing this claim at trial, but Mr. Ross appears to have expressed a desire to do so while testifying. The court notes there is no legal merit to this claim because attempted murder is a lesser included offense to first degree murder.

Ultimately, the court found Ross failed to prove any of his allegations, and denied relief. Ross appeals.

Appellate review of PCR claims is generally for correction of errors at law. *See Diaz v. State*, 896 N.W.2d 723, 727 (Iowa 2017). But we review PCR claims raising constitutional issues, such as ineffective-assistance-of-counsel claims, de novo. *Goode v. State*, 920 N.W.2d 520, 524 (Iowa 2018). The applicant must show counsel rendered a deficient performance and prejudice resulted.[2] *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Ross first contends the trial court erred in allowing him to plead guilty to the offense of attempted murder when the victim in fact died of the gunshot wound. *See* Iowa R. Crim. P. 2.8(2)(b) (the court "shall not accept a plea of guilty without first determining that the plea is made voluntarily and intelligently and has a factual basis"). Ross claims he "[c]annot be guilty of <u>attempting</u> to kill the victim . . . when the victim was actually killed."

---

[2] We note Ross does not cite the ineffective-assistance-of-counsel standard of review, nor does he state how the issues are preserved for our review. Although the State encourages us to find his arguments are waived, as stated under our appellate rules and case law, *see* Iowa R. App. P. 6.903(2)(g)(1), (g)(2); *State v. Piper*, 663 N.W.2d 894, 913 (Iowa 2003), we choose to proceed in order to show why we do not reach the merits.

Because Ross focuses on the factual basis, we interpret his argument as attacking the knowing and voluntary nature of the plea. A guilty plea "waives all defenses and objections which are not intrinsic to the plea." *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). *But see Schmidt v. State*, 909 N.W.2d 778, 785–86, 798 (Iowa 2018) (finding "[a] valid plea 'waive[s] all defenses and the right to contest all adverse pretrial rulings'" with the exception of claims that "the plea itself contains intrinsic irregularities" or "the trial information charges no offense" or the defendant is factually innocent (citation omitted)). "[G]enerally a defendant must file a motion in arrest of judgment to challenge a guilty plea on appeal" but "an exception exists 'when a defendant alleges trial counsel was ineffective for permitting him to plead guilty to a charge for which there is no factual basis and for failing to thereafter file a motion in arrest of judgment.'" *State v. El-Amin*, 952 N.W.2d 134, 137 (Iowa 2020) (citation omitted).

Ross does not raise this issue as an ineffective-assistance-of-counsel claim.[3] In the criminal proceedings, he was required to move in arrest of the judgment and raise this ground to challenge his plea. *See* Iowa R. Crim.

---

[3] The heading on Ross's issue one says, "DID THE TRIAL COURT ERR IN ALLOWING DEFENDANT TO PLEAD GUILTY TO THE CHARGE OF ATTEMPT TO COMMIT MURDER WHEN THE VICTIM ACTUALLY DIED AND WERE DEFEDANTS' ATTORNEYS GUILTY OF INEFFECTIVE ASSISTANCE OF COUNSEL IN ALLOWING THE DEFENDANT TO MAKE THE PLEA." But the substance of the argument is the factual basis for the plea, not trial counsels' performance. Ross asserts no argument that counsel breached an essential duty or that he was prejudiced as a result nor does he present even citation to that standard. We consider the content of the argument, not the caption. *See Lamasters v. State*, 821 N.W.2d 856, 863 (Iowa 2012). And frankly, we will not take up the appellant's argument for him. *See Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) ("[W]e will not speculate on the arguments [a party] might have made and then search for legal authority and comb the record for facts to support such arguments.").

P. 2.8(2)(d) ("The court shall inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal."); Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."). Because Ross waived his right to challenge even an intrinsic aspect of his plea, he cannot do so in postconviction proceedings outside the framework of ineffective assistance of counsel.[4] In reply briefing Ross shifts focus, asserting for the first time his trial counsel failed to advise him of the need to file a motion in arrest of judgment. But we do not consider issues raised for the first time in reply briefs. *See Carroll*, 767 N.W.2d at 644. Because Ross waived his right to move in arrest of judgment, as the PCR court found, and he did not assert any alleged failure as an ineffective-assistance claim in his appellate brief, he cannot raise it as a new issue in his reply brief.

Ross raises two more issues: he argues trial counsel was ineffective in failing to advise him of the possibility of using Justin's guilty plea to "point the finger away" from Ross at trial and failing to investigate a diminished responsibility defense, based on Ross's testimony of his intellectual shortcomings. The State responds these claims were never raised nor addressed by the PCR court so they are not preserved for review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa

---

[4] The PCR court found the factual basis claim had no merit but did not address trial counsel's performance, another reason Ross is precluded from raising the issue on appeal.

2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

Ross acknowledges the claims are new on appeal but argues ineffectiveness of counsel is an exception to the error-preservation rule, citing two direct-appeal cases. *See State v. Ondayog*, 722 N.W.2d 778 (Iowa 2006) (finding ineffective assistance of counsel to be an exception to the traditional error preservation rules); *State v. Lucas*, 323 N.W.2d 228, 232 (Iowa 1982). It is true that a PCR applicant can raise ineffectiveness of their PCR counsel for the first time on appeal. *See Goode*, 920 N.W.2d at 526 (finding such claims can be raised if the record is adequate to address them but, when the record is inadequate, judicial efficiency precludes remand and the applicant must file a new PCR application). However, Ross does not argue that PCR counsel's deficient performance prevented him from raising these issues before the PCR court. Instead, he once again focuses on the faults of trial counsel.[5] Therefore Ross's final claims do not fit the exception to that error preservation rule. Because Ross did not present these issues to the PCR court or obtain a ruling on them or raise them on appeal through the framework of ineffective assistance of PCR counsel, they are not preserved for our review.

Because we conclude Ross failed to challenge the factual basis for his plea by waiving his right to move in arrest of judgment, and he does not claim this was

---

[5] Ross briefly mentions PCR counsel's ineffective performance in his reply brief by asserting, "The fact that the PCR counsel and trial counsel, both failed, can still be brought up." Again, we do not consider claims raised first in a reply brief. *See Carroll*, 767 N.W.2d at 644

a result of ineffective assistance of trial counsel, he cannot attack his plea in PCR proceedings. We affirm the PCR court's denial of PCR to Ross under the first issue. On the second and third issues, raised as ineffective assistance of trial counsel and not as ineffective assistance of PCR counsel, we find Ross has not preserved the issues for our review. We affirm the denial of his application for postconviction relief.

**AFFIRMED.**