# IN THE SUPREME COURT OF IOWA

No. 19–1228

Submitted January 19, 2022—Filed March 4, 2022

**STATE OF IOWA,**

Appellee,

vs.

**DANTREON LEVON NEWMAN,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Jeffrey Farrell, Judge.

The defendant challenges his guilty plea to lascivious acts with a child.

**DECISION OF COURT OF APPEALS AND DISTRICT COURT JUDGMENT AFFIRMED.**

McDonald, J., delivered the opinion of the court, in which Christensen, C.J., and Appel, Waterman, Mansfield, and Oxley, JJ., joined. McDermott, J., filed a dissenting opinion.

Eric W. Manning of Manning Law Office, P.L.L.C., Urbandale, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

**McDONALD, Justice.**

Dantreon Newman pleaded guilty to lascivious acts with a child, a class "D" felony, in violation of Iowa Code section 709.8(1)(*d*) (2017), and was sentenced to an indeterminate term of incarceration not to exceed five years. In this appeal, Newman contends his plea counsel provided ineffective assistance in allowing Newman to plead guilty without first requesting a competency hearing. He also contends the district court should have, sua sponte, ordered a competency hearing. The court of appeals affirmed Newman's conviction, concluding it was without authority to resolve Newman's claim of ineffective assistance of counsel on direct appeal and concluding there was nothing in the record that should have alerted the district to the need for a competency hearing. We granted Newman's application for further review.

The primary questions presented in this appeal are jurisdictional. The first jurisdictional question is whether Newman timely filed his notice of appeal. After the entry of judgment, Newman filed a pro se notice of appeal. At the time, he was still represented by plea counsel. Plea counsel did not timely file a notice of appeal on Newman's behalf. Iowa Code section 814.6A(1) (2019) prohibits a defendant represented by counsel from filing "any pro se document, including a brief, reply brief, or motion, in any Iowa court." The Code further provides that the "court shall not consider . . . such pro se filings." *Id.* The application of this Code provision to Newman's notice of appeal raised a question of whether Newman timely invoked this court's appellate jurisdiction. *See, e.g., State v. Stark,* No. 20–1503, 2021 WL 4592246, at *3 (Iowa Ct. App. Oct. 6, 2021) (stating

pro se notice of appeal was a nullity but granting delayed appeal); *Boring v. State*, No. 20–0129, 2021 WL 2453045, at *3 (Iowa Ct. App. June 16, 2021) ("However, the notice of appeal was again filed pro se while Boring was still represented by counsel. Accordingly, it was a document that could not be considered. It was a nullity, as the State claims. For that reason, the appeal is dismissed."). While this matter was pending on appeal, however, appellate counsel filed an additional notice of appeal in the district court and filed a motion in this court requesting Newman be granted a delayed appeal. Under the circumstances, we conclude the grant of delayed appeal is appropriate here. *See State v. Davis*, ___, N.W.2d ___, ___, 2022 WL 258191, at *4 (Iowa Jan. 28, 2022) (granting delayed appeal where represented defendant timely filed pro se notice of appeal and where counsel subsequently filed a notice of appeal).

The second jurisdictional issue is whether Newman even has an appeal as a matter of right following his guilty plea. A defendant has a statutory right of appeal from "[a] final judgment of sentence, except in the following cases: (1) A simple misdemeanor conviction. (2) An ordinance violation. (3) A conviction where the defendant has pled guilty." Iowa Code § 814.6(1)(*a*). A defendant who has pleaded guilty may still appeal as a matter of right, however, where the defendant pleaded guilty to a class "A" felony or "where the defendant establishes good cause" to appeal. *Id.* § 814.6(1)(*a*)(3). Newman pleaded guilty to a class "D" felony and thus has a statutory right of appeal only upon establishing "good cause."

Section 814.6 does not define "good cause," but we have defined it broadly. In *State v. Boldon* and *State v. Damme*, we stated that "good cause" in section 814.6 means a "legally sufficient reason." *State v. Boldon*, 954 N.W.2d 62, 69 (Iowa 2021) (quoting *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020)). "What constitutes a legally sufficient reason is context specific." *State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021). Generally speaking, a defendant asserts a legally sufficient reason and establishes good cause to appeal as a matter of right by asserting a claim on appeal for which an appellate court potentially could provide relief. *See id.* at 108–09.

In determining whether a defendant has asserted a claim on appeal for which an appellate court potentially could provide relief, we do not assess the merits of the claim. Instead, we assess whether the claim is of the type for which an appellate court could provide relief. On direct appeal from a guilty plea, Iowa's appellate courts could potentially provide relief where the defendant preserved error for appeal or where the defendant need not preserve error for appeal. For example, we have recognized a defendant establishes good cause to appeal by asserting a challenge to a sentencing hearing or sentence because a defendant need not preserve error to assert such claims on appeal. *See State v. Jordan*, 959 N.W.2d 395, 399 (Iowa 2021); *State v. Fetner*, 959 N.W.2d 129, 134 n.1 (Iowa 2021); *Boldon*, 954 N.W.2d at 69; *Damme*, 944 N.W.2d at 105. By way of counterexample, a defendant who asserts only a claim or claims of ineffective assistance of counsel cannot establish good cause to appeal as a matter of right because Iowa's appellate courts are without authority to provide relief on such

claim or claims. *See* Iowa Code § 814.7; *Treptow*, 960 N.W.2d at 109–10 ("The defendant has no right to assert a claim of ineffective assistance of counsel on direct appeal, and this court has no authority to decide a claim of ineffective assistance of counsel on direct appeal. Under the circumstances, the appellate courts cannot provide the defendant with relief. The defendant has thus not established good cause to pursue his appeal as a matter of right under section 814.6."); *State v. Tucker*, 959 N.W.2d 140, 154 (Iowa 2021) (dismissing appeal where defendant claimed his counsel was ineffective in allowing him to plead guilty where the plea was not knowingly and intelligently made).

Newman's claims in this appeal relate to his competency to plead guilty. At the plea hearing, the district court engaged in a thorough colloquy with Newman to establish his plea was knowing, voluntary, and supported by a factual basis. The presentence investigation report prepared for sentencing showed that Newman reported he had been diagnosed with attention deficit hyperactivity disorder, bipolar disorder, and schizophrenia and that he was taking medications while being held in pretrial detention. Because of the information in the presentence investigation report, Newman's plea counsel requested to make a record at sentencing regarding Newman's competency. Newman's counsel made clear that his conversations with Newman "raised absolutely no concerns for me whatsoever about [Newman's] competency." Counsel noted that Newman "was able to appropriately process the information" related to this "really complex" case. The district court engaged in a brief colloquy with Newman and stated there was "a lengthy discussion during the plea

hearing, and it appeared to me during that hearing that you were processing everything well and understood everything well during the hearing." Newman agreed with that assessment.

On appeal, Newman contends the information contained in the presentence investigation report was sufficient to trigger a competency hearing under Iowa Code chapter 812. Iowa Code section 812.3(1) provides:

> If at any stage of a criminal proceeding the defendant or the defendant's attorney, upon application to the court, alleges specific facts showing that the defendant is suffering from a mental disorder which prevents the defendant from appreciating the charge, understanding the proceedings, or assisting effectively in the defense, the court shall suspend further proceedings and determine if probable cause exists to sustain the allegations. The applicant has the burden of establishing probable cause. The court may on its own motion schedule a hearing to determine probable cause if the defendant or defendant's attorney has failed or refused to make an application under this section and the court finds that there are specific facts showing that a hearing should be held on that question.

Newman presents two claims in this direct appeal related to his competency to plead guilty. He first contends his counsel provided ineffective assistance in failing to request a competency hearing pursuant to chapter 812. This court is without authority to resolve claims of ineffective assistance of counsel on direct appeal. *Id.* § 814.7; *Treptow*, 960 N.W.2d at 109–10; *Tucker*, 959 N.W.2d 151–52. Accordingly, Newman's claim of ineffective assistance of counsel is not a legally sufficient reason that can serve as "good cause" to establish a statutory right to appeal. *See Treptow*, 960 N.W.2d at 109–10; *Tucker*, 959 N.W.2d 154. And we do not consider this claim any further.

In his second claim, Newman contends the district court erred in failing to, sua sponte, order a competency hearing. Our cases hold that a defendant may, without preserving error, challenge on direct appeal the district court's failure to hold a competency hearing. *See State v. Einfeldt*, 914 N.W.2d 773, 779–80 (Iowa 2018); *State v. Lucas*, 323 N.W.2d 228, 232 (Iowa 1982) (en banc). The rationale for the rule is that an incompetent defendant is in no position to preserve error in the district court. *See Lucas*, 323 N.W.2d at 232. The State concedes that Iowa's courts "have excepted a claim that the district court failed to conduct a sua sponte competency hearing from the traditional rule of error preservation." Because we could potentially provide relief on this type of claim, Newman has asserted a legally sufficient reason to pursue this appeal and has established good cause to appeal as a matter of right. *See, e.g., State v. Chindlund*, No. 20–1368, 2021 WL 2708944, at *2 (Iowa Ct. App. June 30, 2021) ("[G]ood cause exists to challenge competency at the time of the plea irrespective of whether the issue was contested below." (quoting *State v. Cue*, No. 19–2150, 2020 WL 6157813, at *3 (Iowa Ct. App. Oct. 21, 2020))).

On the merits of the appeal, Newman is not entitled to any relief. In determining competency, "[t]he critical question is 'whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.'" *Lucas*, 323 N.W.2d at 232–33 (second alteration in original) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam)). There is a presumption that a defendant is competent, and

the defendant has the burden to prove incompetence. *State v. Mann*, 512 N.W.2d 528, 531 (Iowa 1994). "Of course, a past history of mental illness, without more, is insufficient to trigger a competency hearing under Iowa Code section 812.3 . . . . The question is one of present competency, not past malady." *Einfeldt*, 914 N.W.2d at 783 n.3; *see State v. Rieflin*, 558 N.W.2d 149, 153 (Iowa 1996), *overruled on other grounds by State v. Lyman*, 776 N.W.2d 865 (Iowa 2010). We have carefully reviewed the district court's plea colloquy with the defendant and the sentencing hearing, and there is nothing in the record that should have alerted the district court that a competency hearing was required. To the contrary, the defendant was lucid, oriented to time and place, demonstrated an understanding of the proceedings and the role of the persons present, demonstrated an ability to communicate with his lawyer, and demonstrated an appreciation of the charge against him and the consequences of pleading guilty.

**DECISION OF COURT OF APPEALS AND DISTRICT COURT JUDGMENT AFFIRMED.**

Christensen, C.J., and Appel, Waterman, Mansfield, and Oxley, JJ., join this opinion. McDermott, J., files a dissenting opinion.

**McDERMOTT, Justice (dissenting).**

I.

Our rules setting forth appeal deadlines were not tablet-carved and handed to us by an ancient power. Their origins are far more mundane: drafted by our own court with public input, submitted to the legislative council for review as required under Iowa Code sections 602.4201 and 602.4202, and left undisturbed. The rules' deadlines are clear, their application simple. Despite the humble origins and simplicity, our continued commitment to our appeal deadlines allows us to administer a fair and orderly system of justice. But adopting multi-factor tests when we have straightforward written deadlines means that "a question that necessarily has a yes/no answer"—in this case, whether the appeal was timely filed—"is not governed by some simple on/off switch, but by a massive, costly, and uncertain inquiry." Richard A. Epstein, *Simple Rules For a Complex World* 25 (1995).

Equally troubling to me: I don't know the source of our court's power to look past jurisdictional deadlines on an ad hoc basis as we've frequently been doing of late. Iowa Code section 814.6A(1) (2019) commands that "[t]he court shall not consider" filings made by defendants in criminal cases if the defendant is represented by counsel. The pro se notice of appeal that Newman filed is thus ineffectual—we, as a court, cannot consider it—because he was represented by counsel when he made the filing. *See State v. Thompson*, 954

N.W.2d 402, 418–19 (Iowa 2021). By the time his lawyer filed a notice of appeal on Newman's behalf, the appeal deadline had long since passed.

"The right to appeal is strictly governed by statute." *In re Melodie L.*, 591 N.W.2d 4, 6 (Iowa 1999). Appeal deadlines are jurisdictional. *Root v. Toney*, 841 N.W.2d 83, 87 (Iowa 2013). This means that our court doesn't have jurisdiction—the *power* to decide a case—when parties miss the prescribed appeal deadlines. If a party "is late in filing, by as little as one day, we are without jurisdiction to consider the appeal." *In re Marriage of Mantz*, 266 N.W.2d 758, 759 (Iowa 1978). Since both legal and pragmatic reasons dictate that we not take up the merits of appeals filed beyond the mandatory deadlines, *see In re A.B.*, 957 N.W.2d 280, 301–05 (Iowa 2021) (McDermott, J., concurring in part and dissenting in part), I would not consider the merits as the majority does under our ever-expanding "delayed appeal" jurisprudence.

Last term, we found an appeal filed six months after the deadline "far too long to permit a delayed appeal." *Anderson v. State*, 962 N.W.2d 760, 763 (Iowa 2021). Yet a month ago, our court permitted an appeal to proceed notwithstanding that the notice of appeal wasn't filed until almost one year after the deadline. *State v. Davis*, ___ N.W.2d ___, ___, 2022 WL 258191, at *4 (Iowa Jan. 28, 2022). Today the majority blows past even that new benchmark—by a lot. The appeal permitted to proceed to the merits in this case involves a notice filed *over two years* beyond the deadline. Earlier this term, the court discussed the need for the delay in late-filed appeals to be "negligible" for us to consider a direct appeal on its merits. *In re W.T.*, 967

N.W.2d 315, 321 (Iowa 2021). After today, I struggle to conceive of any length of delay that might be too long.

I thus respectfully dissent (once again) and would not further expand our now-multiplying delayed appeal precedents by granting a delayed appeal in this case.

II.

But that doesn't end the analysis. Newman argues that the district court, as part of the disclosures that the court must make to defendants about their appeal rights under Iowa Rule of Criminal Procedure 2.23(3)(*e*), needed to advise Newman that the notice of appeal could only be filed by his counsel. Indeed, Newman contends that the district court's statements at sentencing led him to believe the opposite: that he *personally* was required to file the notice.

Newman's supplemental brief on the issue of jurisdiction can be read to allege a claim that the district court acted illegally by failing to advise him of (and affirmatively misleading him about) his appeal rights. Rule 6.107 states that a party asserting that a district court judge "exceeded the judge's jurisdiction or otherwise acted illegally" may file an original certiorari action in the supreme court. Iowa R. App. P. 6.107(1)(*a*). That Newman's appellate counsel filed a notice of appeal and not a petition for writ of certiorari is no roadblock. If our court "determines another form of review was the proper one, the case shall not be dismissed, but shall proceed as though the proper form of review had been requested." *Id.* r. 6.108; *see also Crowell v. State Pub. Def.*,

845 N.W.2d 676, 682 (Iowa 2014). "Our power to review lower court actions by issuing writs of certiorari is discretionary." *Crowell*, 845 N.W.2d at 682.

Iowa Rule of Criminal Procedure 2.23(3)(*e*) requires that when imposing a sentence the district court "shall advise the defendant of the defendant's statutory right to appeal." The rule includes that the notification "advise defendant that filing a notice of appeal within the time and in the manner specified in Iowa R. App. P. 6.101 is jurisdictional and failure to comply with these provisions shall preclude defendant's right of appeal." Iowa R. Crim. P. 2.23(3)(*e*). The cited rule of appellate procedure, rule 6.101, lists deadlines (thirty days in most cases) for filing a notice of appeal.

The district court informed Newman of his right to file an appeal but never specified that only Newman's *counsel*—because Newman was still represented—was permitted to file the notice of appeal. Instead, the court's statements to Newman suggested that Newman was authorized to file the notice of appeal himself. Considering the critical importance of informing Newman about *who* may file the notice of appeal, the district court's discussion with Newman did not adequately "advise the defendant" of his statutory right to appeal. Iowa R. Crim. P. 2.23(3)(*e*).

Not only did the district court's statements at sentencing misinform Newman about his appeal rights, the court's actions after sentencing effectively concealed its prior misinformation. The district court sentenced Newman on July 10, 2019. Newman filed his notice of appeal two days after he was sentenced, on July 12. His pro se notice was a nullity from the outset by

application of Iowa Code section 814.6A. Yet ten days later and within the

thirty-day deadline, on July 22, the district court entered an order that gave

Newman and his lawyers every indication that the pro se notice of appeal was

valid. The court's order said:

> A Notice of Appeal was filed by the Defendant. The Defendant is indigent. Counsel shall be appointed to represent Defendant on this appeal.

> The Appellate Defender's Office is appointed to represent the Defendant in this appeal.

> The transcripts in all proceedings in this matter shall be prepared at State expense.

> Counsel is advised that the combined certificate must be filed and served within four (4) days after the filing of the notice of appeal. *See* Iowa R. App.P.10(b). If it is not possible to meet that deadline at the time of appointment, counsel shall file an application for extension of time with the Clerk of the Supreme Court. . . . The appeal must then be docketed within the applicable deadline set forth under Iowa R. App. P.12(a) or (b).

Eight days after the order on July 30, once again still within the thirty-day

deadline, the State Appellate Defender filed a request for appointment of

private counsel due to staffing issues. (The district court granted that motion

and appointed private appellate counsel three days after the deadline.) The

clerk of court also erroneously certified Newman's notice of appeal on August

20, stating: "I assert in good faith that this appeal meets jurisdictional

requirements."

The district court's order appointing appellate counsel and the clerk's

certificate treated Newman's pro se filing not as a nullity but as a valid notice of

appeal upon which orders relating to an appeal could be rendered. Newman

thus was misinformed by the court that he could file the notice of appeal and he (and his lawyer) were also later led to believe that the invalid notice of appeal *was in fact proper*. Newman filed his notice of appeal when there were still twenty-eight days left to fix the error and meet the filing deadline.

When a defendant who is entitled to court-appointed counsel wishes to appeal the conviction or sentence, the court may appoint appellate counsel only if "*trial counsel* [has] file[d] with the district court the notice of appeal, an application for appointment of counsel, and an application for production of transcripts at public expense." Iowa R. Crim. P. 2.29(6) (emphasis added). The court appointed the state appellate defender's office after Newman filed his pro se notice of appeal and pro se request for appellate counsel, without any motion by trial counsel. Had the court notified Newman of the notice-of-appeal error—or had it at minimum not taken action that reasonably caused Newman and his lawyers to believe that the pro se notice had legal effect—Newman could have corrected the mistake within the deadline by directing his counsel to file the notice. The district court should not have appointed appellate counsel except on trial counsel's motion. *See id.*

Iowa Code section 814.6A(1) commands that "[t]he court *shall not consider*, and opposing counsel *shall not respond to*, such pro se filings." (Emphasis added.) But the district court plainly *did* consider Newman's pro se filing when it acknowledged his pro se notice of appeal and request for counsel as the basis to appoint the appellate defender, order preparation of the

transcripts, set the deadline for the combined certificate, and so on. The court's actions violated both section 814.6A and rule 2.29(6).

A petition for writ of certiorari must be filed within thirty days of the court's alleged illegal action. Iowa R. App. P. 6.107(1)(*b*). But in this case, Newman wasn't put on notice of the need for counsel to file the notice of appeal until our court issued an order (on our own motion) for the parties to file supplemental briefs about our jurisdiction to hear the appeal. Until then, Newman wouldn't have known that the district court—contrary to its legal duties—failed to notify him at sentencing of the counsel-required appeal notice and treated his invalid pro se notice of appeal as valid. Newman, in other words, wouldn't have known that he was injured by the district court's actions because the district court's own actions concealed the injury. Although Newman more properly should have filed a petition for a writ of certiorari upon discovering the defect after our request for briefing, we may consider the counsel-filed notice of appeal and argument in his supplemental brief as if the proper form of review had been requested. *Id.* r. 6.108. Those filings were made within the required thirty-day deadline.

None of this is to suggest, of course, that the district court ever intended to misdirect Newman to interfere with his appeal rights. But as the events played out, the district court's actions during and after sentencing prevented Newman and his counsel from correcting the error before the deadline passed. The district court thus prejudicially magnified its failure to adequately inform Newman of his appeal rights at sentencing as required.

I would grant a writ of certiorari and hold that the district court was required to inform Newman under rule 2.23(3)(*e*) at sentencing that only his lawyer could file a valid notice of appeal, consistent with section 814.6A. This failure, and the ensuing events that compounded and worked to hide its disclosure from Newman until well beyond his appeal deadline, permit our review of this claim. The appropriate remedy in this situation is to remand to the district court for a prompt resentencing. *See Rodriquez v. United States*, 395 U.S. 327, 332 (1969). At the resentencing hearing, the district court would be required to include in its notice to Newman about his appeal rights information about *who* must file any notice of appeal. If Newman thereafter wished to pursue his appeal, he would have that opportunity.