# IN THE COURT OF APPEALS OF IOWA

No. 21-0758
Filed June 29, 2022

**DYLAN ANDREW KARNS,**
Petitioner-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Emmet County, Don E. Courtney, Judge.

The applicant appeals the denial of his postconviction-relief application. **AFFIRMED.**

Scott M. Wadding of Sease & Wadding, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee State.

Considered by May, P.J., and Greer and Chicchelly, JJ.

**GREER, Judge.**

Dylan Karns appeals the denial of his application for postconviction relief (PCR). He claims trial counsel provided ineffective assistance, arguing counsel breached an essential duty by failing to investigate Karns's mental health and that he was prejudiced because, if counsel had done so, counsel would have learned Karns was not competent to enter the guilty pleas. Here on appeal, Karns argues for the first time that his PCR counsel provided ineffective assistance by failing to obtain expert testimony to establish that Karns's specific mental disorders—combined with the failure to take his medication—affected his competency at the time of the guilty pleas.

**I. Background Facts and Proceedings.**

In March 2017, Karns pled guilty to two counts of burglary in the third degree and one count of sexual abuse in the third degree.[1] Pursuant to a plea agreement, he received a suspended ten-year sentence and was placed on probation for three years. Following multiple violations, Karns's probation was revoked and, in May 2019, he was ordered to serve the sentence as originally imposed.

Karns filed his PCR application later the same year, alleging he received ineffective assistance from trial counsel in a variety of ways. As pertinent to this appeal, Karns challenged trial counsel's failure to ask for a competency evaluation or raise the issue of his competency to the trial court. Karns claimed he should not have been allowed to enter his guilty pleas due to being incompetent at that time.

---

[1] The charges are from three separate cases. In FECR011205 and FECR011218, it was alleged Karns committed separate burglaries at different addresses in July 2016. In FECR011119, it was alleged that in April 2014, when Karns was twenty-three years old, he engaged in a sex act with a fifteen-year-old.

At the PCR hearing, Karns testified that he twice attempted suicide while in the county jail after being charged with the burglaries and sex abuse in 2016. Additionally, evidence was introduced of a psychological evaluation that Karns completed in January 2017 as part of a child-in-need-of-assistance (CINA) case to evaluate Karns's ability as a parent—Karns impregnated the fifteen-year-old he was charged with sexually abusing. Karns had the same attorney for his three criminal cases and the CINA action, so the attorney was aware of Karns's January 9, 2017 evaluation. In part, the evaluation stated:

> Mr. Karns evidences an average mental capacity and average ability to think abstractly, to learn, and to adapt. His emotional stability will fluctuate depending on the status of his thinking at any particular time. At times, he may appear emotionally stable, and at other times, reactive, emotionally changeable, and affected by his feelings. . . . He tends to be more abstract, imaginative, idea-oriented, and impractical. He reports some disconnection from reality, including some sensory and perceptual experiences that deviate from the norm. He evidences a higher probability of delusions of reference and thinking, and he will at least occasionally evidence a disorganized, bizarre kind of ideation. His overall psychological adjustment appears to be problematic. . . . His symptoms include delusions and hallucinations, feelings of unreality, some paranoid ideation, having difficulty making friends, a history of substance abuse, and lacking a strong achievement orientation. . . .

The psychologist-evaluator diagnosed Karns with having delusional disorder; schizophrenia; and "other specified schizophrenic spectrum and other psychotic disorder with delusions and hallucinations, probably exacerbated by the use of mood-altering chemicals." Karns was given a "rule-out" diagnosis of bipolar disorder.

At the PCR hearing, Karns testified that he did not understand the plea proceedings because he was "in and out of consciousness" during them. He pointed out that during the plea colloquy, he informed the court he "ha[d] a few

doctors" for schizophrenia, post-traumatic stress disorder (PTSD), and multi-personality disorder and that he had not recently taken his medication. The following exchange took place between the court and Karns before Karns entered his guilty pleas:

> Q. All right. So you're receiving some type of medication for these diagnoses; is that correct? A.: Yes.
> Q. All right. So today are you on medication? A. I have to go get refilled.
> Q. Have you taken a medication here today— A. No.
> Q. —anytime today? Did you take any medication yesterday? A. No.
> . . . .
> Q. All right. And about these conditions for which you say you have been evaluated and diagnosed, schizophrenia, PTSD and multi-personality disorder, of those, any of them, do they affect your ability to understand today's proceedings in this courtroom? A. No, your Honor.
> Q. Do any of those three conditions affect your ability to make a decision today in the courtroom? A. Not today, your Honor.
> Q. All right. Very fine. Then this Court makes a finding, Mr. Karns, that you are mentally competent today to enter your pleas of guilty to the three cases . . . . Have you been hospitalized within the past six months for the treatment of any mental condition? A. Yes, your Honor.
> Q. And have you been hospitalized for the treatment of any physical condition, any injury, any illness other than—other than a mental condition? A. Life-flighted to Sioux Falls.
> Q. Within the past six months? A. Yes.
> Q. For what matter? A. I overdosed on my medication.
> Q. Okay. Anything else? A. No, your Honor.
> Q. Was there any other hospitalization in the last six months? A. I went to Waterloo mental hospital while I was in jail here. I tried to hang myself.
> Q. And that was within the past six months? A. Yes.
> Q. All right. And is there anything about those instances, those matters for which you were hospitalized, either the life flight situation to Sioux Falls or the transport to a mental health hospitalization in Waterloo, within this past six months that affects your ability to understand today's proceedings? A. No, your Honor.
> Q. Is there anything about either one of those hospitalizations or the reasons why you were hospitalized that affects your ability to make a decision today? A. Not today, your Honor.

The court then "reaffirm[ed] its prior finding that [Karns was] competent . . . to enter [his] guilty pleas."

At the PCR hearing, Karns's trial attorney testified that he was aware that Karns had been diagnosed with multiple mental conditions but he never felt that Karns was unable to understand what was going on and never witnessed Karns go in and out of consciousness. The attorney testified, "Well, he would come to me with suggestions, he would come to me with ideas, and those indicated to me that he was pretty astute when it came to understanding his situation."

The district court denied Karns's PCR application, concluding Karns's claims about not understanding the plea proceedings due to his mental conditions and lack of medication

> requires expert testimony at this post-conviction hearing to prove that the conditions and medications would affect his ability to enter a knowing and voluntary plea. He told [the court] that none of the conditions that he had been evaluated and diagnosed, schizophrenia, PTSD and multi-personality disorder affect his ability to understand the plea proceeding. Without expert testimony the court has no evidence upon which to rely to prove otherwise.

(Citation omitted.) Karns appeals.

## II. Standard of Review.

"Generally, an appeal from a denial of an application for [PCR] is reviewed for correction of errors at law." *Goode v. State*, 920 N.W.2d 520, 523 (Iowa 2018) (citation omitted). However, "[w]hen the applicant's claims are of a constitutional nature, this court engages in a de novo review." *Lado v. State*, 804 N.W.2d 248, 250 (Iowa 2011). An applicant's right to effective assistance from counsel in PCR proceedings is statutory rather than constitutional, but we still apply a de novo review to a claim of ineffective assistance regarding PCR counsel. *Id.*

**III. Discussion.**

Karns makes two claims of ineffective assistance, both of which hinge on whether he was competent at the time he pled guilty to his crimes. *See State v. Einfeldt*, 914 N.W.2d 773, 778 (Iowa 2018) ("[T]he conviction of an incompetent defendant violates due process."). He claims trial counsel breached an essential duty by failing to investigate his mental health and that he was prejudiced because if counsel had done so, counsel would have learned Karns was not competent to enter the guilty pleas. Building off that argument, Karns argues PCR counsel provided ineffective assistance by failing to obtain expert testimony to establish that Karns's mental disorders—combined with the failure to take his medication— affected his competency at the time of the guilty pleas. He maintains he would have succeeded on his PCR application if PCR counsel had done so.

Importantly, "[i]n determining competency, '[t]he critical question is "whether [the applicant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him."'" *State v. Newman*, 970 N.W.2d 866, 871 (Iowa 2022) (second alteration in original) (citations omitted). To succeed on his claims of ineffective assistance, Karns has the burden to "demonstrate '(1) his . . . counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.'" *Lado*, 804 N.W.2d at 251 (citation omitted). Counsel has no duty to pursue a meritless issue. *State v. Carroll*, 767 N.W.2d 638, 645 (Iowa 2009). To prove prejudice, Karns must establish "a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015)

(citation omitted). In this context, "prejudice can be established by proving a reasonabl[e] probability the defendant would have been found unfit had a competency hearing been held." *McGee v. State*, No. 19-1335, 2020 WL 5650470, at *5 (Iowa Ct. App. Sept. 23, 2020) (citation omitted).

Beginning with his claim against trial counsel, we agree with Karns that his diagnoses—which were made close in time to his guilty pleas and of which his trial counsel was aware—combined with his contemporaneous statement he had not recently taken his medication raises a question regarding Karns's competency. But even if we found trial counsel breached a duty by not stopping the proceedings until Karns had a chance to be properly medicated, evaluated for competency, or both, this claim was raised under the framework of ineffective assistance—it is Karns's burden to also establish prejudice. To do so, Karns has to prove it is reasonably likely he would have been found incompetent at the time he entered the guilty pleas. But the only evidence we have to support a claim Karns was incompetent is a list of diagnoses and the fact that he was not taking his medication as prescribed.[2] To conclude that list is sufficient evidence to establish Karns's likely incompetence would require us to assume that certain untreated diagnoses always render a person incompetent. We can't make that leap. So Karns failed to establish trial counsel provided ineffective assistance.

---

[2] And, on the other side of the scale, we have trial counsel's testimony that Karns actively participated in his case and that counsel never felt that Karns was unable to understand what was going on. Additionally, Karns repeatedly told the district court during the plea colloquy that he understood what was happening and his lack of medication did not affect him.

Recognizing the gap in the evidence, Karns's appellate PCR attorney argues the PCR attorney provided ineffective assistance by failing to present testimony from a mental-health expert who could connect the dots between the list of Karns's diagnoses and his "ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *State v. Lucas*, 323 N.W.2d 228, 232–33 (Iowa 1982) (citation omitted). Karns suggests we should find prejudice "in view of [*Castro v. State*] and the district court's ruling." *See* 795 N.W.2d 789, 796 (Iowa 2011) (affirming summary dismissal of PCR application where applicant "alleged his guilty plea was rendered involuntary and unintelligent because his drug regimen was altered just prior to the time he entered his plea and his state of mind rendered him incompetent to fully understand the proceedings"). But we conclude we do not have an adequate record to decide Karns's claim of ineffective assistance against PCR counsel.[3] *See Goode*, 920 N.W.2d at 526–27 (declining to address claim PCR counsel provided ineffective assistance raised for the first time on appeal from PCR because, without evidence to support the claim, "the record on appeal [was] inadequate to address the new claim of ineffective assistance of [PCR] counsel").

---

[3] Karns asks us to remand for a new PCR trial. We recognize his window to file a new PCR action may be closed, but "we decline to remand claims of ineffective assistance of [PCR] counsel raised for the first time on appeal." *Goode*, 920 N.W.2d at 527 (requiring applicant to "assert his claim of ineffective assistance of [PCR] counsel raised on appeal in a separate application for PCR").

**IV. Conclusion.**

Without a medical expert making the connection for us between Karns's mental conditions and his competency (or lack thereof), we cannot say trial counsel provided ineffective assistance. And because the record on appeal is inadequate for us to address Karns's claim PCR counsel provided ineffective assistance, we do not decide it. We affirm the denial of Karns's PCR application.

**AFFIRMED.**